Hawks *v.* Baker.

---

## HAWKS *vs.* BAKER.

It is the duty of the party calling a witness, to see that he is duly sworn. Therefore where a witness testified, believing that he had been sworn, but by some over-sight the oath had been omitted, and this was not discovered by either party till after the. trial; yet the verdict was set aside.

In this case it appeared that at the trial of the issue of fact, before the Chief Justice, one *Leonard* being called among the witnesses on the part of the plaintiff, did not come forward to be sworn with the others, being ignorant of the course of judicial proceedings ; but that the counsel for the plaintiff, supposing that he had been sworn with the others, called him to the stand as a witness, where he testified in chief, and was cross examined. He supposed that he had been sworn, and remained under that belief till after his testimony was closed ; and the parties and their counsel remained unacquainted with the omission, till after the verdict, which was for the plaintiff, was returned. The witness made affidavit that his statement, thus made to the jury, was true ; but the defendant moved the court to set aside the verdict, for this irregularity.

*Deblois,* for the plaintiff, resisted the motion, arguing that as the witness testified, as he supposed, under the sanction of an oath, and had stated the truth, the defendant had all the hold on his conscience, and all the protection in fact, which the form of an oath could have given him. The objection should have been taken on the spot ; as

it related to the forms of conducting the trial ; and it stands on the same footing with all other objections to testimony, or to the qualifications of jurors, which, if not taken during the trial, are considered as waived.   *Turner & al. v. Peate*, 1 *D. & E.* 717, *Runn. Ejectm.* 397 ; *Commonwealth v. Green*, 17 *Mass.* 513 ; *Ford v. Tilley*, *Salk.* 653 ; *King v. Burdett*, *Salk.* 645 ; *Amherst v. Hadley*, 1 *Pick.* 34 ; *Waite v. Maxwell*, 5 *Pick.* 217 ; *How v. Low*, 2 *Johns.* 378 ; *Callender v. March*, 1 *Pick.* 418 ; 7 *Cranch*, 290 ; *Hollingworth v. Duane*, 4 *Dal.* 354 ; 6 *Bac. Abr.* 660, *Trial*, L. *Claxton's case*, 12 *Mod.* 567 ; *Vernon v. Hawkey*, 2 *D. & E.* 120 ; 6 *Dane's Abr.* 249, sec. 8 ; *Robinson v. Cook*, 6 *Taunt.* 335 ; *Gist v. Mason*, 5 *Johns.* 248 ; 1 *D. & E.* 84 ; *Bond v. Cutler*, 7 *Mass.* 205 ; *Walker v. Green*, 3 *Greenl.* 215 ; *Keen v. Sprague*, 3 *Greenl.* 77.

But whether the defendant knew of the omission or not, is not material.   This is one of those things which the law will presume, for the termination of disputes, and will not suffer to be controverted by affidavits.   The defendant is bound by his cross examination.

*Longfellow* and *Eveleth*, for the defendant.

MELLEN C. J. delivered the opinion of the Court.

The facts on which the motion for a new trial are founded are certainly peculiar, and we have not found any case very nearly resembling it.   Under the circumstances disclosed in the report, ought a new trial to be granted ?   Motions of this kind are addressed to the discretion of the court ; and for that very reason it is often difficult to decide them, on account of those doubts which exist as to the course which a sound discretion seems to require us to pursue.   It is a well settled principle of law that no evidence can be permitted to go to the jury, unless under oath, without express or implied consent.   This principle is recognized and stated in the case of *Ross v. Gould*, 5 *Greenl.* 204.   In this case it is proved that there was no consent ; so that the statements of *Leonard*, which were received by the jury as evidence, were wholly improper and illegal.   Shall the verdict be set aside, merely that on another trial *Leonard* may be sworn, and then testify to those facts which a former jury

have probably believed, though he stated them when not on oath? It is the duty of the counsel offering a witness, to move that he may be sworn, and thus be qualified to testify. It is then the duty of the court to cause the oath to be administered to him, if no legal objection appears to his competency. Thus far the counsel for the opposite party has no concern with the transaction; he has a right to presume that the person taking the stand in the character of a witness has been duly sworn. Of course his omission to inquire and ascertain the fact cannot be considered as any waiver of his right to object to the incorrectness of the proceeding, if the person supposed to be sworn was in fact never sworn. No man can be considered as waiving a right which he is unconscious of possessing; the supposition is as unreasonable as it is inconsistent with good sense. Presumption is good till the contrary appears on proof. This is a legal maxim. But proof flatly contradicting presumption destroys it. In the case at bar there is such proof. The defendant has not had a trial of his cause on legal evidence, but partly on that which is illegal. And according to the facts, this was not owing to any fault on his part, but the plaintiff's omission of duty; and he now claims the right of a trial, on those principles of law of which his fellow citizens enjoy the benefit and protection.

The counsel for the plaintiff has opposed the motion on several grounds, and has cited cases of different classes to support his objections. Some of the cases establish the principle that a new trial ought not to be granted because, after the trial, the incompetency of one or more witnesses who had testified in the cause had been discovered. Some of them were read to shew that the omission of counsel, as to the examination of some of the evidence in the cause, or a misrecollection or forgetfulness of certain particulars, can furnish no ground for a new trial. Some have been cited to shew that when objectionable evidence was offered, and not opposed, it must be considered as admitted by consent implied, and that this is no ground for a new trial, when the inadmissibility of the evidence was discovered. It was the duty of the party complaining to examine and object in season and thus preserve his rights. One case was read to shew that, on *certiorari* to a justice's court, where the record sta-

ted that certain facts were proved, but it did not appear that the witnesses were sworn, the court sustained the proceedings, saying they would intend that they were sworn, because it was a part of the duty of the justice to swear them. In the case before us we are not at liberty to presume and intend what we know is not a fact.

None of the cases to which we have thus alluded are similar to the one before us; they were decided on principles which need not be examined on this occasion; and which we have therefore passed over by merely observing upon their import. Cases of another class have also been urged as decisive of the present motion. These are cases of objections to the legal qualification of jurors; and these were overruled, because not made in due season; that is, when the jury were called. Several cases of this kind have been decided where the party making the objection had no actual knowledge of the disqualification, till after the trial. In some of them the motion for a new trial has been overruled; in others, it has prevailed. But where it has been denied, it will generally be found that the party objecting might have ascertained the fact on which he relies, before or at the trial, had he strictly guarded his own rights with watchfulness, as the law requires that he should have done. Generally speaking, it is the duty of both parties to look to the qualification of jurors and attend to their challenges; but it is the duty of each party, to attend to the qualifications of his own witnesses, by procuring them to be duly sworn before they are examined in the cause. It should be remarked that in all the above cases the juror was duly sworn. If it be inquired, what can be the advantage of another trial; it may be replied that *Leonard* may not again testify in the cause; that he may be beyond the reach of the process of this court; that he may not be living at the time of another trial; or, should he attend the trial, that his testimony may be less direct or less distinct, or less favorable to the interests of the plaintiff. All these are circumstances on which a party may make his own calculations as to probabilities, and draw his own conclusions; and as illegal evidence has been submitted to the jury, though unintentionally, the defendant now insists on his claim to a new trial, to be conducted in all respects according to law. In this view of the case, so peculiar in its nature,

we incline to the opinion that the claim ought not to be disregarded by the court ; and accordingly the verdict is set aside and a new trial granted.