THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* GEORGE FRINDEL, APPELLANT.

*Evidence — unsworn statement of a child — quarrelsome character of a complainant against one indicted for an assault.*

It is not proper or permissible on a criminal trial, where a child of eight years of age is called as a witness, who shows from his testimony that he has no apprehension of the nature of an oath, to permit him to testify without being sworn, and accept the unsworn statement of the witness for what it is worth.

On the trial of a prisoner charged with having committed an assault in the second degree, the quarrelsome character of the complainant cannot be shown by proof of specific acts on his part, nor is evidence as to his general reputation in that respect admissible, where it is not claimed by the prisoner that the act complained of was committed in self-defense.

APPEAL by the defendant George Frindel from a judgment of conviction of an assault in the second degree, entered in the office of the clerk of the county of New York on the 27th day of February, 1890.

The defendant was indicted for assault in the first degree, the indictment charging that he feloniously made an assault upon the body of one Michael Buhner with a certain knife, and did willfully and feloniously strike and cut the said Michael Buhner with intent to kill him.

*A. Steckler*, for the appellant.

*M. Semple*, for the respondent.

VAN BRUNT, P. J.:

This appeal presents for review the question as to the propriety of the rulings of the court in excluding evidence offered by the defendant of the complainant's character for quarrelsomeness.

This evidence was of two classes: One, an attempt to prove specific acts, and the other to establish the complainant's general reputation in that respect. It is not necessary to multiply authorities to show that evidence of specific acts is not admissible. (*Thomas* v. *People*, 67 N. Y., 218.) Neither was the evidence, as to general reputation, admissible in view of the nature of the defense, because it was not at all claimed by the prisoner that the act was committed in self-defense. Upon the contrary, he testified that the complainant ran into the knife himself, and that the knife was not taken out for any purposes of self-defense, but simply to scare the complainant. This seems to bring the case within the principle of *Abbott* v. *People* (86 N. Y., 470), in which it is held that testimony of a quarrelsome disposition is not admissible where, under the circumstances, there is no ground for claiming that the act for which the prisoner is being tried was committed in self-defense.

There is another reason why no error was committed in the exclusion of this testimony. At the time it was offered no evidence whatever had been given of an assault by the complainant upon the defendant, and the judge in excluding the testimony expressly stated that he excluded it at that stage of the case, and after the testimony of the defendant of an assault by the complainant, no offer of the testimony was made.

Another point is raised that the counsel for the defendant, after the people had rested their case, asked the court to take from the jury the consideration of the first count in the indictment which charged assault in the first degree. This was refused and the defendant excepted. The prisoner, however, does not seem to have been in any way injured by this ruling, because he was not found guilty of assault in the first, but in the second degree. It does not appear that the jury were influenced by it, nor that he was damaged thereby.

Another point raised is that a child of eight years called as a witness for the defendant, who showed from his testimony that he had no apprehension of the nature of an oath, was not permitted to

testify. It is claimed that it is a well known practice in criminal trials, when such a witness is called by either party, to take the unsworn statement of the witness for what it is worth. With all due respect to the learned counsel, we are not aware of any such rule or any such practice.

The law requires the testimony of witnesses to be given under the sanctity of an oath; and where a child is of such tender years as not to be able to comprehend the nature of an oath it seems to us that the safeguards which the law has placed around human testimony would be entirely overthrown, were its statements permitted to be given.

There does not appear to be any error which calls for a reversal of the judgment, and it should be affirmed.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed.