STATE OF IOWA v. MRS. HARRY LUGAR, Appellant.

**New Trial for Failure to Swear Witness:** CRIMINAL LAW. Under Code, section 4601, providing that every human being of sufficient capacity to understand the obligation of an oath is a competent witness, and the constitutional guaranty that every man accused of crime shall be confronted with the witnesses against him, a new trial for a prosecution for lewdness should have been granted where one of the state's witnesses, who gave damaging evidence, was not sworn, and the omission was not discovered until after the verdict.

**Prostitution:** EVIDENCE. Acts of defendant in another place are admissible.

*Appeal from Wright District Court.*—HON. J. R. WHITAKER, Judge,

SATURDAY, DECEMBER 21, 1901.

THE defendant was tried and convicted on an indict-
ment charging her with prostitution and lewdness.    She
appeals from a judgment on the verdict.—*Reversed.*

*J. W. Henneberry* and *McGrath & Bryan* for appel-
lant.

*Chas. W. Mullan,* Attorney-General, and *Chas. A. Van
Vleck,* Assistant Attorney-General, for the State.

SHERWIN, J.—A witness called by the state, who gave
damaging testimony against the defendant, was not sworn
before testifying.    Nor was the omission dis-
covered by the defendant until the verdict
had been returned.    From the very incep-
tion of judicial procedure down to the present
time some form of oath, or some recognition of accountability
for falsely testifying, has been required by lawmakers and
by courts.    In 1 Greenleaf, Evidence, section 328, it
is said:    " But here it is proper to observe that one of the
main provsions of the law for securing the purity and truth
of oral evidence is that it be delivered under the sanction
of an oath."    "The force and utility of this sanction were
familiar to the Romans from the ealiest times."    1 Starkie,
Evidence, 22.    The principle that all persons capable of
understanding the nature and obligation of an oath, and
only such, are competent witnesses, is generally recognized
in the various statutory provisions on this subject.    And
our own statute so declares in substance, section 4601. Bou-
vier defines "witness" as one who "testfies under oath to
something which he knows at first hand."    2 Bouvier's Law
Dictionary, 827.    "All oral evidence given in any proceed-
ing must be given upon oath, but if any person called as a
witness refuses or is unwilling to be sworn, from alleged
conscientious motives, the judge before whom the evidence

is taken may, upon being satisfied of the sincerity of such objection, permit such person to affirm. Stephen's Digest of Evidence, 214. It is the recognition of the principle under consideration which excludes the t estimony of infants of such tender age as to be incapable of feeling or understanding the obligation of an oath (*Kilburn v. Mullen*, 22 Iowa, 498), and which admits declarations made under the solemn sense of approaching dissolution. As early as 1779 it was held, by the 12 English judges, that no testimony could be legally received in criminal cases except upon oath. *Rex v. Braiser*, 1 Leach, 199. See note in *State v. Michael*, 37 W. Va. 565 (19 L. R. A. 605 s. c. 16 S. E. Rep. 803), The rule has been followed in the United States in the following and other cases: *State v. Doherty*, 2 Overt. 80; *State v. Tom*, 8 Or. 178; *People v. Frindel*, 58 Hun, 482 (12 N. Y. Supp. 498); *Hawks v. Baker*, 6 Me. 72 (19 Am. Dec. 191); *McKinney v. People*, 7 Ill. 540 (43 Am. Dec. 65); 29 Am. & Eng. Enc. Law, 764. And where, through an oversight as in this case, a witness testified without being sworn, and the fact was not discovered until after the trial, the verdict was set aside. *Hawks v. Baker, supra.* But objections must be made as soon as the error is discovered. *Slauter v. Whitelock*, 12 Ind. 338; *Cady v. Norton*, 14 Pick. 236. The constitution of this state guaranties to every man accused of crime the right to be confronted with the witnesses against him, and this would be but a barren right, and afford the defendant no protection, if such witnesses may testify without being sworn, or without in any way being subject to the penalties for perjury. The motion for a new trial should have been granted on this ground of the motion. There was no error in permitting evidence as to the defendant's acts in another place. It tended to show her disposition, and was for that reason competent. *State v. Briggs*, 68 Iowa, 416. There was no error in overruling the motion for a new trial on the ground

of insufficiency of evidence. For the error pointed out, the case is reversed, and remanded for a new trial.—REVERSED.