### PEOPLE v. CONEY ISLAND JOCKEY CLUB et al.

(Supreme Court, Trial Term, Kings County. June 15, 1910.)

**1. CRIMINAL LAW (§ 627½\*)—INSPECTION OF GRAND JURY MINUTES.**
A motion to inspect the grand jury minutes will only be entertained to enable accused to move to set aside the indictment on one or more of the grounds permissible by law, and will not be granted to enable accused to ascertain the evidence by which the indictments will be supported.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1431; Dec. Dig. § 627½.\*]

**2. CONSPIRACY (§ 43\*)—INDICTMENT.**
On a trial for conspiracy, where an overt act is necessary to constitute the crime, defendant cannot be convicted unless one or more overt acts be expressly alleged in the indictment, nor unless one or more of the acts alleged be proved.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 79–99; Dec. Dig. § 43.\*]

**8. CONSPIRACY (§ 37\*)—MISDEMEANORS—MERGER.**
In a trial for conspiracy, if the overt act charged be a felony, then conspiracy is merged in the felony; but, where the crime charged and the overt act alleged are both of the same grade of misdemeanor, there can be no merger.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. §§ 68–70; Dec. Dig. § 37.\*]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. STATUTES (§ 18\*)—BOOK MAKING.**

    The Hart-Agnew law of June 11, 1908 (Laws 1908, c. 507), relating to pool selling, book making, bets, and wagers, received a constitutional majority of the lawful votes in the Senate, and is a binding statute.

    [Ed. Note.—For other cases, see Statutes, Dec. Dig. § 18.\*]

The Coney Island Jockey Club, the Brooklyn Jockey Club, Mark A. Reardon, and others were indicted for offenses, and the above-named defendants interpose certain motions.   Overruled.

John F. Clarke, Dist. Atty., for the People.

Davis, Stone & Auerbach (John B. Stanchfield and Charles H. Tuttle, of counsel), for defendants.

ASPINALL, J.   In the month of September, 1909, the grand jury of the county of Kings returned to the County Court of Kings county twelve indictments, which were subsequently transferred to this court for trial.   Ten of these indictments were for book making, and two for conspiracy.   The above-named defendants have interposed certain objections to the same, and I am called upon to decide three motions: First, a motion to dismiss all the indictments; second, a motion demurring to each indictment; and, third, an application to inspect the minutes of the grand jury.   These questions will be considered by me in the reverse order.

First.   The application by the defendants to inspect the grand jury minutes must be denied, for the following reasons, briefly stated:   It has been decided time and time again that the only good, substantial ground upon which a motion of this kind can or should be entertained by the court is to enable a person charged with the commission of a crime to move to set aside the indictment upon one or more of the grounds permissible by law.   In this case no good or sufficient reason has been given by the defendants for such inspection.   As a matter of fact, this motion to dismiss the indictments and the demurrers to the same have been interposed without such inspection, and I have therefore arrived at the conclusion that this motion is simply made to ascertain, if possible, the evidence by which the indictments will be supported, and thus enable the defendants to prepare for trial, upon the evidence obtained by the granting of this motion.

Second.   The demurrers interposed by the defendants to each indictment must be overruled for the following reasons:   The indictments as to the crime of conspiracy are properly drawn, and do not conflict in any way with the provisions of sections 275, 276, 278, and 279 of the Code of Criminal Procedure, and cannot be defeated because overt acts of book making are alleged.   It is well settled that upon a trial for conspiracy, in a case where an overt act is necessary to constitute the crime, the defendant cannot be convicted, unless one or more overt acts be expressly alleged in the indictment, nor unless one or more of the acts alleged be proved.   If the overt act charged be a felony, then conspiracy is merged in the felony; but, where the crime charged and the overt act alleged are both of the same grade of misdemeanor, there can be no merger.   The book making indictments fall well within the provisions of law.   They contain sufficient information to the defendants of the alleged crime, and in my opinion are properly drawn.

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Third. As to the dismissal of the indictments: The question to be decided in this motion is whether the Hart-Agnew law (Laws 1908, c. 507), passed in the state Senate on the 11th day of June, 1908, by a vote of 26 to 25, is in reality a binding statute. The defendants claim that it is not. They claim that the Hart-Agnew law as a matter of constitutional law never received a majority of the lawful votes in the Senate, and, if it did not, then the Legislature's adoption of the compilation by the Board of Statutory Revision of the contents of the statute books did not give life and existence as a statute to such law.

In support of this contention the learned attorneys representing the defendants herein have submitted to me a very voluminous and exhaustive brief, in which this question is ably presented and argued. I have read and re-read the same with great interest, and have given this question considerable study and attention, but I cannot concur or agree with counsel's reasoning or conclusions. I am of the opinion that the apportionment act of 1907 is constitutional, and that the Hart-Agnew bill or bills received a constitutional majority of the lawful votes in the Senate on the 11th day of June, 1908, and is therefore in reality a valid and binding statute, and should be respected and obeyed. This conclusion or decision might be argued and written out at great length, but it seems to me unnecessary to do so while sitting at a criminal term of this court and before trial.

I am not called upon to decide or pass upon the second very interesting question raised by the learned gentlemen representing the defendants, to wit, "whether, if in law the said bills failed of passage, the Legislature's adoption of the compilation by the Board of Statutory Revision of the contents of the statute books gave existence as a statute to the 'Hart-Agnew Law,'" for the reason that I have already decided that the said bill or bills did not fail of passage, but did receive a constitutional majority of all the lawful votes in the Senate, and I therefore leave this interesting and very important question for the higher courts to determine.

The motions made by the defendants to dismiss all the indictments, and to inspect the minutes of the grand jury, are therefore denied, and the demurrers interposed to each indictment are overruled.

Let an order be entered accordingly.