(156 App. Div. 51.)

### GEHL v. BACHMANN-BECHTEL BREWING CO.

(Supreme Court, Appellate Division, Second Department. March 28, 1913.)

1. PRINCIPAL AND AGENT (§ 105*)—AUTHORITY OF AGENT—EVIDENCE.

Plaintiff applied to defendant brewing company to purchase a liquor tax certificate for him, and was referred to B. A certificate was purchased for plaintiff, and he executed to defendant an assignment providing that, if he made default in the payment of the installments required, defendant might enter the premises and take possession of the certificate; and thereafter, plaintiff having made default, B. appeared and seized the liquor tax certificate from plaintiff's wife, and in doing so assaulted her. *Held*, that the fact that plaintiff was referred to B., and that he interested himself in purchasing the certificate, and thereafter collected the installments as they fell due on the certificate and for beer purchased from defendant, did not show that he had authority to seize the certificate under the assignment.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 298–310, 374; Dec. Dig. § 105.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PLEDGES (§ 26*)—OWNERSHIP—SEIZURE.
Where an assignment of a liquor tax certificate authorized the assignee to enter plaintiff's premises and take the certificate in case of plaintiff's default in paying installments due thereunder, such assignment did not authorize the assignee or his servants to enter plaintiff's premises by force or to capture the certificate from plaintiff's wife in case of default.
[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 64–66; Dec. Dig. § 26.*]

3. WITNESSES (§ 45*)—CHILDREN—COMPETENCY.
Any presumption that a child by reason of tender age is incompetent to testify may be rebutted by disclosure of his knowledge of the nature and sanctity of an oath and of the moral and legal penalty which would follow a known falsehood.
[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 104–107; Dec. Dig. § 45.*]

4. WITNESSES (§ 227*)—CHILDREN—STATEMENT NOT UNDER OATH.
Code Cr. Proc. § 392, permitting evidence by infants under 12 to be received, though not given under oath, does not authorize the admission in a civil action of a statement by a child unsworn, where he was not shown to have had a proper appreciation of the nature and sanctity of an oath.
[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 798–806; Dec. Dig. § 227.*]

5. EVIDENCE (§ 528*)—EXPERTS—OPINION.
While it is proper for a medical expert to state whether the condi tions and events assumed in the question were competent to produce the conditions found, he was not entitled to testify as to what might or might not occur, or what is "very apt" to produce conditions.
[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2335–2337; Dec. Dig. § 528.*]

Appeal from Richmond County Court.

Action by Rudolph Gehl against the Bachmann-Bechtel Brewing Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

Arthur B. Hyman, of New York City, for appellant.
Gustav Gunkel, of New York City, for respondent.

THOMAS, J. The main questions are whether the act of one Bechdoll in assaulting the plaintiff's wife is imputable to the defendant, the former's employer, and whether it was error to allow the plaintiff's son, aged 7 at the event and 9 at the trial, to make a statement without oath or affirmation. The plaintiff tenanted a saloon, and the defendant furnished him with beer, and for securing the money advanced for the license the latter held an assignment of it by an instrument which among other things provides:

"I will surrender and deliver up to the said party of the second part upon demand the said liquor tax certificate and any and every other liquor tax certificate hereafter issued to me for said premises, and all unexpired coupons thereon, and I hereby authorize and empower the said party of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

second part to enter said premises and take away said liquor tax certificate and any and every other liquor tax certificate hereafter issued to me for said premises."

The plaintiff was in default in a payment on account of the license, and after demand Bechdoll, with a marshal, attempted to take the license; but the plaintiff's wife grasped it, and in an attempt to take it from her she was injured, as the jury found.

[1] It is urged that, when the plaintiff applied to the defendant for the saloon, he was referred to Bechdoll as his representative, and that the latter did concern himself with plaintiff's induction to the place, and that later he collected the installments as they fell due for beer and for the license. Such authority did not clothe Bechdoll with authority to take the license from the plaintiff, as the acts done pursuant to it were in their nature quite different from those involved in demanding the license, and, upon refusal to deliver, seizing it. The plaintiff must furnish evidence showing that Bechdoll had from the defendant general, special, or apparent authority "to enter said premises and take away said liquor tax certificate," as the assignment provides. Such authority is not in fact or in appearance included in the capacity to collect the installments, or in the earlier designation of the man to arrange for the occupation of the place. I look in vain in the record for any authority, or semblance of it, to do the act that the assignment, and the power of attorney included in it, contemplate. I do not find in the record sufficient competent evidence that Bechdoll had the instrument in his possession. It is unnecessary to consider what inference might be drawn, if it appeared that to him had been delivered the power of attorney to enable him as defendant's agent "to enter said premises and take away said liquor tax certificate."

[2] Invested with such authority, he would not have been guilty of trespass in seizing without force the certificate; but even then he would not have been authorized to enter forcibly or to capture it from the plaintiff's wife.

[3] The plaintiff's son was 9 years old at the time of the trial and 7 at the time of the event. Although he had not been to Sunday School, and answered that he knew nothing about God, he was accustomed to say his prayers at home, and had been taught to tell the truth, and was aware that, if he did not do so on the stand, he would be "put away," as he said. He also stated that he did not know who would put him away, or why that would happen to him; but he promised that he would tell the truth on the stand. Predicated upon such examination, the oath was withheld; but his testimony was received in the form of a statement. The inquiry whether he knew anything about God was quite indefinite and abstract, and was not calculated to elicit anything informing even from a person of more mature understanding, embarrassed by the publicity of his position and by the unexpected inquiry. More simple conversation with the child might have elicited some evidence of the Divinity to whom his prayers were directed. For the rest, he was sensitive to the fact that his failure to tell the truth exposed him to punishment, and it is quite immaterial that he was unaware of the agencies that would be used to make such disposition of

him. In any case, his incapacity to be sworn as a witness did not authorize the reception of his evidence without oath or affirmation. Any presumption that a child by reason of tender age is incompetent to testify may be rebutted by disclosure of his knowledge of the nature and sanctity of an oath and of the moral and legal penalty that should follow a known falsehood. State of W. Va. v. Michael, 37 W. Va. 565, 16 S. E. 803, 19 L. R. A. 605–608.

[4] At his age it is not expected that he would be amenable to the law denouncing perjuries; but it might be inferred that he would be constrained to greater truthfulness if asked to lay his hand on the Gospels, of which he may have had some knowledge. But if that be beyond his appreciation, there is no practice that justifies the reception of an unsworn statement. People v. Frindel, 58 Hun, 482, 12 N. Y. Supp. 498; Neustadt v. New York City Ry. Co. (Sup.) 104 N. Y. Supp. 735. The provision of section 392 of the Code of Criminal Procedure, permitting evidence by infants under the age of 12 years to be received, "though not given under oath," has not changed the rule in civil actions. The error in the admission of the testimony of Rudolph Gehl as to Mr. Hyman's statement concerning the whereabouts of Bechdoll should not recur. The admission of the testimony of the witness Bloom of his statement to Mrs. Gehl after the event was error, as was that of the witness Sahle relating to a conversation with Bechdoll. Even the declaration of Bechdoll himself would not have been competent.

[5] With reference to the evidence of Dr. Jameson, it may be said that, while it was proper for him to state whether the conditions and events assumed in the question were competent to produce the conditions found, he was not permitted to testify as to what might or might not occur, or what is "very apt" to produce conditions. It is not necessary to ascertain to what extent he exceeded the limit of expert opinion; but it is considered that there was some departure from the true rule, which should not be repeated.

The judgment and order should be reversed, and a new trial ordered; costs to abide the event. All concur.