PEOPLE v. POSNANSKY et al.

(Bronx County Court.   May 1, 1914.)

1. CRIMINAL LAW (§ 627½*)—INSPECTION OF GRAND JURY MINUTES.

A motion to inspect the grand jury minutes to ascertain whether the only evidence upon which the indictment was based was that of an eight year old child and thus to afford basis for a motion to set aside the indictment must be denied, for it will be assumed that the grand jury acted with intelligence in receiving the testimony of the witnesses, and such bodies are as much entitled to receive the testimony of young children as courts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1431, 1434, 1435;   Dec. Dig. § 627½.*]

2. WITNESSES (§ 79*)—COMPETENCY—PRESUMPTIONS.

The presumption that a child of tender age is incompetent to testify may be rebutted by the disclosure of his knowledge of the nature and sanctity of an oath and of the moral and legal penalty following a known falsehood.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 201–204, 216; Dec. Dig. § 79.*]

3. CRIMINAL LAW (§ 627½*)—INSPECTION OF GRAND JURY MINUTES.

A motion to inspect the grand jury minutes will be denied, where its only result would be to place the state's evidence in the hands of the accused; that not being the purpose of such motion.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1431, 1434, 1435;   Dec. Dig. § 627½.*]

Philip Posnansky and another were indicted for grand larceny, and they interposed certain motions.   Overruled.

Francis Martin, Dist. Atty., of New York City (Seymour Mork and Charles B. McLaughlin, both of New York City, of counsel), for the People.

Leon Sanders, of New York City, for defendants.

GIBBS, J.   The defendants are charged by indictment with the crime of grand larceny in the first degree, alleged to have been committed on the 12th day of April, 1914, in that they did jointly steal from one Helena Weiss the sum of $800 in cash and jewels of the value of $3,690.   On the back of the indictment appear the names of the witnesses whose testimony was heard before the grand jury.   They are Helena Weiss, the complainant, Samuel Posnansky, an eight year old boy and a brother of one of the defendants, and Henry Kennedy, a detective attached to the municipal police force of the city of New York.

[1] One of the defendants, Philip Posnansky, in making his application, in the moving papers, states among other things:

"I am informed and verily believe that there was absolutely no evidence received by the grand jury which in the slightest supported the said statements or testimony given by the said child (Samuel Posnansky) or the detective (Kennedy).   My belief is largely induced from the indorsement of the witnesses' names on the indictment and from the statements made in the police court by the detective and said Helena Weiss."

And also:

"I verily believe that the only evidence received by the grand jury connecting myself and the other defendant with the alleged larceny of the said jewelry and money was that which was received either from the said child, who was unsworn, or from the detective, and was to the effect that the said child of eight years of age had seen myself and the other defendant, while he was in the act of peeping through a keyhole, steal the said jewelry and money."

It is clear that the defendants rely mainly upon the proposition that an inspection of the grand jury minutes will disclose that the indictment was obtained on insufficient and improper evidence, and that the only eyewitness to the larceny was an eight year old boy, who was unsworn, and that this testimony is insufficient in law for the finding of the indictment.

In the case of People v. Sexton, 42 Misc. Rep. 312, 86 N. Y. Supp. 517, it was held that an indictment should not be set aside where there is legal evidence to sustain it, because children under twelve years of age, and not under oath, made statements before the grand jury, there being no claim that they were not sufficiently intelligent to justify the reception of the evidence. In the Sexton Case the defendant was indicted for murder in its first degree, and the validity of the indictment was challenged by the defendant, upon the ground that his daughter, a child nine years of age, and a boy, another child of his, about six years of age, were permitted to make statements before the grand jury, not under oath. During the course of the opinion, overruling the contention made by the defendant, Sexton, appears the following comment:

"The jurisdiction of the grand jury is coextensive with that of the court. Their proceedings pertain exclusively to the investigation of crimes. They are a part of the court's proceedings, and they have the same power to examine witnesses and to determine their competency that the court has. They are the sole judges of the credit to which a witness is entitled, and when the evidence, unexplained, is sufficient in their judgment to warrant the conviction of the accused before a trial jury, it is their duty to find an indictment. I can see no good reason why they should not have the power to determine whether they will receive, not under oath, the evidence of a child under twelve years of age. It is not claimed that these children were not possessed of sufficient intelligence to justify the grand jury in receiving their evidence. The principal point urged by the learned counsel for defendant is that they were not sworn. We will assume that the defendant is guilty of the crime charged against him, but without the testimony of these children the evidence would not be sufficient to warrant the grand jury in finding an indictment. Must he be permitted to go free because the evidence of these children could not be taken before the grand jury?"

It seems to me that we are confronted with a similar situation in this case. Are the defendants (assuming that they are guilty of the larceny) to go free and enjoy the possession of their ill-gotten gains because the evidence of an eight year old brother of one of these defendants could not be taken under oath? To read such an intent into the statute would impede and demoralize the important functions of the grand jury in its work of investigating crimes and filing its accusations in indictment form. We must presume that the grand jury acted with intelligence and discretion in questioning and receiving the testimony of this eight year old witness.

[2] In the recent case of Gehl v. Bachmann-Bechtel Brewing Co., 156 App. Div. 51, 141 N. Y. Supp. 133, it was held that the presumption that a child of tender age is incompetent to testify may be rebutted by the disclosure of his knowledge of the nature and sanctity of an oath and of the moral and legal penalty which would follow a known falsehood.

The moving papers in this application nowhere disclose that the defendant has personal knowledge what statements the people's witnesses made before the grand jury and bases all his allegations upon information and belief, and is therefore conjecturing and speculating, and for that reason does not come within the rule laid down by the learned court in Matter of Montgomery, 126 App. Div. 82, 110 N. Y. Supp. 793.

In conjunction with the affidavit of the defendant making this application, there is annexed the affidavit of one of his counsel, which also states upon information and belief that no evidence was received by the grand jury supporting the statement or the testimony of the eight year old witness.

It is therefore apparent in this application that the defendant relies entirely upon the theory that the evidence of the only eyewitness to the larceny being that of an unsworn eight year old boy is insufficient, in connection with the other evidence, upon which to find an indictment.

[3] My reading of the authorities does not sustain that view. It is urged by the district attorney that the real object of the defendant in making this motion is to ascertain, if possible, the evidence upon which the indictment will be supported, and thus give the defendants a full and ultimate view of the people's case. I do not know whether this is the object of the defendants or not, but I am satisfied that to grant this motion, under the circumstances, would serve that purpose, and that such a disposition would give the defendants more than they are entitled to under the law. People v. Coney Island Jockey Club, 68 Misc. Rep. 302, 123 N. Y. Supp. 669.

That being so, I am of the opinion that the defendants' motion should be denied.

It is so ordered.