(174 App. Div. 306)

### STOPPICK v. GOLDSTEIN et al.

(Supreme Court, Appellate Division, Second Department. September 29, 1916.)

1. WITNESSES ⬤═227—COMPETENCY—INFANT.

The rule of Code Cr. Proc. § 392, as amended by Laws 1892, c. 279, that children under 12 years of age may testify in certain cases without oath, but such evidence shall not be sufficient to convict unless corroborated or supported, is applicable only to criminal cases; no such exception being known to common law.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 798–806; Dec. Dig. ⬤═227.]

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. WITNESSES ☜227—COMPETENCY—INFANT.

Although Code Civ. Proc. § 850, provides for preliminary examination of an infant to determine his understanding of an oath, it does not permit a court to cast off the safeguard of the oath, and the court should determine the capacity of a 9 year old boy, and, if of capacity, should have him sworn.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1726–1731; Dec. Dig. ☜227.]

3. APPEAL AND ERROR ☜206(1)—WITNESSES—FAILURE TO OBJECT.

Although objection was never made or urged to permitting a child to testify in a civil case without being sworn, the court on appeal cannot ignore the error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1283–1285; Dec. Dig. ☜206(1).]

Appeal from Kings County Court.

Action by Bernard Stoppick, an infant, by his guardian ad litem, Barnett Stoppick, against David Goldstein and others. From judgment for plaintiff and order denying motion for new trial, defendants appeal. Reversed, and new trial ordered.

Argued before STAPLETON, MILLS, RICH, and PUTNAM, JJ.

Francis H. J. Maxwell, of New York City, for appellants.

Joseph S. Johnston, of Brooklyn (Arnon L. Squiers, of New York City, on the brief), for respondent.

PER CURIAM. [1] By the Code of Criminal Procedure, § 392 (as amended by Laws of 1892, c. 279), children actually or apparently under the age of 12 years may testify in special cases without taking an oath; but such evidence is not sufficient to convict, unless corroborated or supported. This, however, is only applicable to criminal cases. No such exception was known to the common law. See Cent. Dig. "Witness," §§ 97, 98.

[2] Although our Code of Civil Procedure (section 850) provides for a preliminary examination of an infant to ascertain his capacity and extent of his knowledge, this does not permit the court to cast off the safeguard of an oath, which the law has placed on testimony. The trial court should have ascertained whether this plaintiff, 9 years old at the time of hearing, was of sufficient capacity to comprehend the obligation of an oath, and, if so, should have had him sworn. Unsworn testimony of a child is inadmissible in a civil case. Neustadt v. New York City Ry. Co., 104 N. Y. Supp. 735; Gehl v. Bachmann-Bechtel Brewing Co., 156 App. Div. 51, 141 N. Y. Supp. 133; Chamberlayne on Evidence, § 3639.

[3] Although this objection was not taken below, or urged upon this appeal, we cannot ignore such error, or regard the silence of counsel as a waiver. Hence the recovery based so largely on this unsworn testimony cannot stand.

The judgment and order of the county court of Kings county is therefore reversed, and a new trial ordered, costs to abide the event.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes