WILLIAM MICHEL, an Infant, by JAY DIPPELL, His Guardian ad Litem, Respondent, *v.* MAX SEMER and Another, Copartners, Trading under the Firm Name and Style of SEMER HARDWARE COMPANY, Appellants.

First Department, May 4, 1923.

Witnesses — reversible error in civil case to admit, over objection of opposite party, statement of child nine years old who was not sworn — defendants' attorney did not consent to receipt of unsworn testimony.

It is reversible error for the court in the trial of a civil case to admit the unsworn statement of a boy nine years of age over the objection of the opposite party.

Though the attorney for the defendants did not object specifically to the evidence, he did object to the boy testifying, upon the ground that he was not mentally sufficient, unless it was shown that he was capable of being examined under

oath, and the same point was raised upon the motion for a new trial, and there is nothing in the record that can be construed to be a consent to the receipt of the testimony without the sanction of an oath.

APPEAL by the defendants, Max Semer and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 17th day of July, 1922, upon the verdict of a jury for $5,000, and also from an order entered in said clerk's office on the 13th day of July, 1922, denying defendants' motion for a new trial made upon the minutes.

*Theodore Lord* of counsel [*Fred H. Rees* with him on the brief], for the appellants.

*Alexander Karlin* of counsel, for the respondent.

SMITH, J.:

In this case the trial judge permitted a boy, nine years of age at the time he testified, to testify without having been sworn, under the objection of the defendants.

In *Stoppick* v. *Goldstein* (174 App. Div. 306) the opinion in part reads: " By the Code of Criminal Procedure, section 392 (as amd. by Laws of 1892, chap. 279), children actually or apparently under the age of twelve years may testify in special cases without taking an oath; but such evidence is not sufficient to convict, unless corroborated or supported. This, however, is only applicable to criminal cases. No such exception was known to the common law."

The judgment was there reversed, although no objection was made by the defendants, while in the case at bar the defendants objected to the receipt of this evidence. The court further said in *Stoppick* v. *Goldstein* (*supra*): " Although this objection was not taken below, or urged upon this appeal, we cannot ignore such error, or regard the silence of counsel as a waiver. Hence the recovery based so largely on this unsworn testimony cannot stand."

That such evidence is not proper in a civil case seems to be established by further authority. (*Neustadt* v. *New York City R. Co.*, 104 N. Y. Supp. 735; *Gehl* v. *Bachmann-Bechtel Brewing Co.*, 156 App. Div. 51; Chamberlayne Ev. § 3639; *Grace* v. *Wagner*, 176 App. Div. 946.)

The respondent claims that this evidence was not objected to. At the beginning of the examination the attorney for the defendants said: " I object to this boy testifying to the occurrence sued for in this case, upon the ground that he is not mentally sufficient, unless he is proved to be sufficient to be examined under oath. He was seven years of age at the time of this occurrence. The

Court: Haven't you any other witness — eye-witness to the accident? Mr. Karlin: Yes, I will have them. The Court: Well, why don't you produce the other witnesses? A boy of that age — Mr. Karlin: Well, his statement may be taken, may it not? I do not understand that the law inhibits the taking of a statement. The Court: No, it does not. If you have other testimony, I should think that that would be more advisable. Mr. Karlin: Well, it is a case, Judge, where there is — The Court: All right; go on. Mr. Karlin: You will see, as the case goes on. The Court: I overrule the objection. Mr. Rees: Exception."

The point was specifically made also upon the motion for a new trial made directly after the rendition of the verdict. Upon the record, therefore, there was nothing that could be construed to be a consent to the receipt of this testimony without the sanction of the oath.

The judgment and order should be reversed and a new trial granted, with costs to appellants to abide the event.

CLARKE, P. J., DOWLING, FINCH and McAVOY, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellants to abide the event.