MORTIMER RANOFSKY, an Infant, by ISIDORE RANOFSKY, His Guardian ad Litem, Respondent, *v.* SAM FRANK, Appellant.

First Department, February 21, 1924.

**Evidence — admissibility — unsworn statement of child five years of age inadmissible in civil action — judgment in negligence action based on said evidence reversed.**

An unsworn statement of an infant plaintiff, five years of age, is not admissible in an action to recover damages for injuries suffered when he fell on the stairs in a tenement house in which he resided with his parents, and a judgment which has no other evidence than that to support the claim of negligence must be reversed.

APPEAL by the defendant, Sam Frank, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 2d day of May, 1923, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 10th day of May, 1923, denying defendant's motion for a new trial made upon the minutes.

*Bertrand L. Pettigrew* [*Walter L. Glenney* of counsel], for the appellant.

*William Shafer* [*Morse S. Hirsch* of counsel], for the respondent.

MARTIN, J.:

The infant plaintiff, five years of age, resided with his parents one flight above the ground floor in the defendant's tenement house. It is alleged that on November 6, 1921, at about six P. M., he fell on the stairway leading to the ground floor and fractured the bones of his right thigh. He was permitted to make an unsworn statement to the jury, giving his version of the accident.

That such evidence is inadmissible was held in *Stoppick* v. *Goldstein* (174 App. Div. 306). In that case the court said: " The trial court should have ascertained whether this plaintiff, nine years old at the time of hearing, was of sufficient capacity to comprehend the obligation of an oath, and, if so, should have had him sworn. Unsworn testimony of a child is inadmissible in a civil case."

The court further said: "Although this objection was not taken below, or urged upon this appeal, we cannot ignore such error * * *." (See, also, *Michel* v. *Semer*, 205 App. Div. 281; *Gehl* v. *Bachmann-Bechtel Brewing Co.*, 156 id. 51; *Neustadt* v. *New York City R. Co.*, 104 N. Y. Supp. 735.)

If we eliminate the testimony of the child there is no evidence to

**214**   GORMAN *v.* 42D STREET, M. & ST. NICHOLAS AVENUE R. Co.

Third Department, March, 1924.                    [Vol. 208

show how the accident occurred. Negligence was not established by the testimony of other witnesses.

As the unsworn testimony of an infant constitutes the sole evidence tending to establish liability, the judgment should be reversed.

The judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, FINCH and McAVOY, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.