RICHARD COLLINS, Respondent, v. TERMINAL ENGINEERING CORPORATION, Appellant.— Plaintiff, a paper handler, was working on his employer's truck, on which defendant's employees were loading rolls of paper by means of a crane. The crane collided with the truck, throwing plaintiff off and injuring him. Defendant appeals from the judgment entered in plaintiff's favor. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ.

JASON D. CROISSANT, an Infant, by His GUARDIAN ad Litem, JACQUES J. CROISSANT, Appellant, v. ORRIN H. DOSCHER, Respondent.— Action to recover damages for personal injuries sustained by the plaintiff, an infant, when struck by defendant's automobile on a public highway. Order granting defendant's motion to vacate and set aside the verdict of the jury and also vacating the judgment entered on said verdict reversed on the law, with ten dollars costs and disbursements, motion denied and judgment reinstated. The appeal in so far as it purports to be from the judgment entered on said order " directing judgment for the defendant, Orrin Doscher, and against the plaintiff for the sum of $75.75 costs " is dismissed for the reason that there is no such judgment in the record. While there is no warrant or authority for accepting an unsworn statement in a civil action in lieu of sworn testimony (Gehl v. Bachmann-Bechtel Brewing Co., 156 App. Div. 51), and the plaintiff's case rests solely on the unsworn statement of the infant plaintiff, the question was not raised by the defendant either on the trial or in this court. Defendant will be presumed to have acquiesced in the procedure adopted. The grounds on which the verdict was set aside are those contained in section 549 of the Civil Practice Act. Such a motion must be made at the same term, and upon the expiration of the term the court is without power to entertain it. (Ellis v. Hearn, 132 App. Div. 207; Clancy v. N. Y., N. H. & H. R. R. Co., 226 N. Y. 213.) The record here discloses that at the close of the trial the defendant made an appropriate motion, which was denied and judgment entered as stated. The order under review was granted at the following term. Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.

JAMES FREDERICK CROSS, Appellant, v. ETHEL R. VORSTEG and Another, Respondents.— Action to recover damages for personal injuries and property damage sustained by plaintiff as the result of a collision between the car he was driving and a car driven by defendant McKean and owned by defendant Vorsteg. Judgment in favor of defendants and order denying plaintiff's motion to set aside the verdict and for a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ.