In the Matter of the Ninth Judicial Settlement of the Accounts of the Trustees under the Will of NELSON BEARDSLEY, Deceased.— Interlocutory decree affirmed, with one bill of costs to each respondent appearing upon this appeal by separate attorney and filing brief, payable out of the estate. All concur. (The decree construed a will involving the right to dispose of property by will.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

BLANCHE FOLEY, Appellant, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Respondent.— Judgment affirmed, with costs. All concur. (The judgment is for defendant in an action upon two life insurance policies.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

CHESTER STUTSMAN, JR., an Infant, by CHESTER STUTSMAN, His Guardian ad Litem, Respondent, v. MORLEY BLACK and Another, Appellants.— Judgment reversed on the law and the facts and new trial granted, with costs to the appellants to abide the event. Memorandum. The evidence of the infant plaintiff, given without being sworn, should not have been received and as this evidence is the principal, if not the only, basis for recovery, the judgment must be reversed and a new trial granted. (See *Stoppick* v. *Goldstein*, 174 App. Div. 306.) All concur. (The judgment was for damages in an automobile negligence action.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Respondent, v. UNION TRUST COMPANY OF ROCHESTER, as Committee of the Person and Property of ISAAC ZIBULIA, Appellant; ISAAC ZIBULIA and Another, Defendants.— Order affirmed, with ten dollars costs and disbursements. (See *Connecticut General Life Insurance Co.* v. *Brandstein*, 233 App. Div. 723.) All concur. (The order denies a motion to dismiss the complaint in an action to reform three life insurance policies by canceling disability and double indemnity clauses.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

GEORGE YAEGER, Appellant, v. DAVID P. BIERBRAUER and Another, Respondents.— Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum. The action was properly brought as one to recover a money judgment and is an action at law. The plaintiff made a *prima facie* case of failure on the part of the defendants to tender to the plaintiff a title free of incumbrance because the laying out of the sewer system with a pipe across the lot contracted to be purchased by the plaintiff and the subsequent grant of other lots with an implied right to use the system, created an easement in favor of such other lots to use the pipe across the lot contracted to be purchased by the plaintiff. All concur. (The judgment dismissed the complaint in an action for breach of contract of sale of a lot.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.