Per Curiam.

It was error to receive the unsworn testimony of a 10-year-old infant. However, we are of the opinion that this eyewitness to the accident should have been sworn since her voir dire disclosed sufficient capacity, intelligence and understanding of the difference between truth and falsehood. She was sensitive of the fact that failure to tell the truth would expose her to punishment but her unawareness of the precise punishment or the agency therefor should not have disqualified her. (See Gehl v. Bachmann-Bechtel Brewing Co., 156 App. Div. 51; People v. Linzey, 79 Hun 23; Agnew v. Brooklyn City R. R. Co., 5 N. Y. S. 756, affd. 117 N. Y. 651.)
Since the complaint was dismissed at the close of the plaintiff’s case, the facts adduced at the trial must he construed in the aspect most favorable to the plaintiff who is to be accorded *399 the benefit of every favorable inference which can reasonably be drawn from those facts. (Stein v. Palisi, 308 N. Y. 293; Sagorsky v. Malyon, 307 N. Y. 584.) Thus construed, the testimony of the 10-year-old eyewitness, if sworn, coupled with that of the adult witnesses, would have made out a prima facie case of negligence on the part of the defendant, thereby precluding the dismissal of the complaint. (Cf. Mere v. Hull, 248 App. Div. 935; Collins v. South Boston R. R., 142 Mass. 301, 312, cited with approval in Hammer v. Bloomingdale Bros., 215 App. Div. 308, 312-313.)
The judgment should be reversed upon the law and a new trial granted, with costs to the plaintiff to abide the event.
Pette and Di Giovanna, JJ., concur; Hart, J., taking no part.
Judgment reversed, etc.