Vincent D. Damiani, J.
Plaintiffs’ motion to strike out paragraph “fourth” from the answer, pursuant to rule 103 of the Rules of Civil Practice, is granted, with leave to the defendant city to file an amended answer within 20 days of the entry and service of the order herein, in which it may, if it sees fit, raise any specific issue of law or fact as to the notice of claim alleged to have been served on the comptroller. The court is of the opinion that the defendant city should specifically set forth in its answer any defense relative to the sufficiency or timeliness of the said notice, rather than merely admit the receipt of “a paper writing purporting to be a notice of claim,” and then perhaps surprise the plaintiffs at the trial. Moreover, such a pleading in fact denies certain allegations of the complaint which the city in its opposing affidavit states that it does not intend to deny.
That portion of plaintiffs’ motion to strike out paragraph “eighth” from the answer, pursuant to rule 103 of the Rules of Civil Practice, is likewise granted. Section 93d-1.0 of the Administrative Code of the City of New York provides that the comptroller ‘ ‘ may require ’ ’ a claimant “to be sworn before him ’ ’ with reference to a claim, ‘‘ and when so sworn ’ ’ to give testimony with respect thereto, and further that in “adjusting and settling claims, the comptroller, as far as practicable, shall be governed by the rules of law and principles of equity which prevail in courts of justice.”
Here the comptroller’s representative, after a preliminary examination, found that the infant plaintiff did not understand the nature of an oath, but nevertheless sought to take the infant’s unsworn testimony. Plaintiffs’ attorney agreed as to the incompetency of the infant and refused to permit the infant to give unsworn testimony, and the defendant city has consequently in paragraph “eighth” of its answer interposed a separate defense on the ground that the infant has failed to comply with the provisions of the Administrative Code in that he failed to testify at the comptroller’s hearing.
*997 It is to be noted that an infant’s unsworn testimony is inadmissible in a civil case. (Stoppick v. Goldstein, 174 App. Div. 306; Stutsman v. Black, 244 App. Div. 764; Napiearlski v. Pickering, 278 App. Div. 456.) It has also been held that before an infant may be examined before trial his competency must first he determined by a court or referee. (Palmieri v. Salsimo Realty Co., 202 Misc. 251; Bennett v. Ros, 120 N. Y. S. 2d 283; Blagburn v. Milrite Realty Corp., 204 Misc 74.)
In view of the fact that no authority is conferred upon the comptroller by any statute to take the unsworn testimony of an infant and that the Administrative Code provides that in “adjusting and settling claims the Comptroller, as far as practicable, shall be governed by the rules of law and principles of equity which prevail in courts of justice,” it is the opinion of the court that the defendant city should not be permitted to interpose a defense to an action based upon the comptroller’s demand to receive evidence which both sides concede is incompetent.
An amended pleading, in accordance with the above, shall be served by the defendant, the City of New York, within 20 days after entry and service of this order.