Per Curiam.

The order on reargument which denied a motion to set aside verdict and grant a new trial should be reversed and motion granted; judgment unanimously reversed upon the law and facts and a new trial ordered, with costs to the plaintiff to abide the event. The infant’s testimony is the only testimony in the record bearing on the question of liability. Unsworn testimony of an infant is not permissible in a civil action (People v. Klein, 266 N. Y. 188; Agnew v. Brooklyn City R. R. Co., 5 N. Y. S. 756, affd. 117 N. Y. 651; Michel v. Semer, 205 App. Div. 281 [1st Dept.]; Ranofsky v. Frank, 208 App. Div. 213 [1st Dept.]; Stoppick v. Goldstein, 174 App. Div. 306 [2d Dept.]; Arico v. New York Cent. R. R. Co., 240 App. Div. 721 [2d Dept.]; Croissant v. Doscher, 244 App. Div. 736 [2d Dept.]; Scherback v. Stern, 246 App. Div. 746 [2d Dept.]; Olshansky v. Prensky, 185 App. Div. 469 [2d Dept.]; Gehl v. Bachmann-Bechtel Brewing Co., 156 App. Div. 51 [2d Dept.]; Salmon v. Sunday, 134 Misc. 475 [App. Term, 1st Dept.]; Cutler v. Flom [No. 854 Sept.-Oct. 1936, App. Term, 2d Dept.]; Inkelis v. Lehman, 2 Misc 2d 398 [App. Term, 2d Dept.]; Clarke v. Steeplechase Amusement Co., 9 Misc 2d 342 [App. Term, 2d Dept.]).
In any event, assuming an infant’s unsworn testimony is proper, the verdict in favor of the defendant upon the evidence appearing in the record is contrary to the weight of the credible *924 evidence. The testimony of the infant established a prima facie case. The defendant did not come forward with evidence, presumably in his power to produce, which could have thrown light upon the issue as to whether the infant was treated at defendant’s infirmary on the day in question and concerning any other pertinent information contained in the infirmary records; further, the defendant failed to produce his employment records which would have shed light upon the question as to whether he had employed a counselor answering the description given by the infant plaintiff. The court should have charged the jury under such circumstances that because of the failure of the defendant to have come forward with such evidence, the jury could give greater weight to the testimony of the plaintiff.
Further, the cause of action, as it appeared at the close of the entire case, was based on a charge of the commission of an affirmative act of negligence and not upon the maintenance of a defective condition. Consequently, the court erred in submitting this case to the jury upon a charge placing upon the plaintiff the additional burden of proving actual or constructive notice.
Despite the failure of plaintiff’s attorney to note exceptions, adverse rulings concerning unsworn testimony and errors in the charge, this court is of the opinion that a new trial should be ordered in the interests of justice.
Concur — Pette, Hart and Di Giovaítna, JJ.
Order reversed, etc.