OPINION OF THE COURT
Gloria Goldstein, J.
Defendant is charged with one count of murder in the second degree, one count of reckless endangerment in the first degree, and one count of criminal possession of a weapon in the second degree. These charges are based upon a rooftop shooting incident during which an infant was killed and several pedestrians were injured.
*953 At trial, defendant interposed an alibi defense claiming that, at the time of the shootings, he was not on the rooftop in question, but rather was inside his apartment located one floor below. In support of this alibi defense, defendant proffered the testimony of two children, each of whom was under 12 years of age. Prior to this testimony, the court conducted a preliminary voir dire of the children, in accordance with CPL 60.20, to determine whether they understood the nature of an oath and whether they were capable of being sworn.
Based on the answers given in response to the questions posed by the court, it became apparent that the children did not possess a sufficient understanding of the nature of an oath in order to enable them to testify as sworn witnesses. The court did find, however, that the children possessed sufficient intelligence and capacity to justify the reception of their unsworn testimony pursuant to CPL 60.20 (2).
After the children testified, the prosecutor made an application seeking to strike their testimony unless the defense offered evidence of corroboration. The prosecutor argued that the children’s testimony, being unsworn, required corroboration and that, in its absence, this testimony should be stricken.
The question presented is whether a legal requirement of corroboration exists where unsworn testimony is introduced by a criminal defendant.
CPL 60.20 addresses the rules of evidence concerning testimonial capacity, including evidence given by children. Subdivisions (2) and (3) of that section provide as follows:
"2. Every witness more than twelve years old may testify only under oath unless the court is satisfied that such witness cannot, as a result of mental disease or defect, understand the nature of an oath. A child less than twelve years old may not testify under oath unless the court is satisfied that he understands the nature of an oath. If the court is not so satisfied, such child or such witness over twelve years old who cannot, as a result of mental disease or defect, understand the nature of an oath, may nevertheless be permitted to give unsworn evidence if the court is satisfied that the witness possesses sufficient intelligence and capacity to justify the reception thereof.
"3. A defendant may not be convicted of an offense solely upon unsworn evidence given pursuant to subdivision two.” (Emphasis added.)
*954 Subdivision (2) restates the general common-law proposition that every witness must testify under oath, and provides specified statutory exceptions to the oath requirement in situations where witnesses cannot understand the meaning of an oath due to a lack of maturity or mental disorder. Thus, for infants under the age of 12 years, the statutory presumption of competence is vitiated. The court is then required to conduct an examination to ascertain whether the infant is of sufficient maturity to appreciate "the obligations of an oath and the consequences of giving false testimony” (People v Parks, 41 NY2d 36, 46).
The statutory exception to the general rule requiring sworn testimony carries with it the condition found in subdivision (3) of section 60.20. That subdivision specifically provides that a defendant may not be convicted solely on the basis of unsworn testimony. Thus, whenever a criminal prosecution relies on the use of unsworn testimony, that testimony must be independently corroborated. The corroboration must "tend * * * to establish the crime and that defendant committed it” (People v Groff, 71 NY2d 101, 109).
The statutory requirement of corroboration, however, refers solely to the prosecution’s case. The statute clearly and unequivocally proscribes a "defendant’s” conviction based upon unsworn testimony only. The statute is silent as to any other corroboration requirement, making no reference to unsworn testimony proffered by a defendant as opposed to the prosecution in a criminal proceeding.
While the prosecution, in the case at bar, contends that any unsworn testimony, regardless of the source, should be corroborated, no case law or statute was furnished in support of this proposition.
Indeed, the court has found no criminal case law holding that a defense witness’ unsworn testimony must be corroborated. Nor is there any statute in the Penal Law which contains a requirement of this nature.
Civil case law provides no support for a corroboration requirement and is, in fact, wholly inapposite since the unsworn testimony of an infant cannot be given in civil actions (Razauckas v New York Dugan Bros., 263 App Div 1002, affd 289 NY 592; Ranofsky v Frank, 208 App Div 213; Michel v Semer, 205 App Div 281; Fineman v Krebs, 17 Misc 2d 922; Anesgart v City of New York, 10 Misc 2d 995).
CPL 60.20 represents the sole "authority” for the admissibil *955 ity of unsworn testimony. The CPLR possesses no analogue to CPL 60.20. The plain language of the statute clearly requires corroboration only in those instances where unsworn inculpatory evidence is offered against the defendant. The Legislature in its infinite wisdom has not created any concomitant obligation requiring that unsworn exculpatory evidence be corroborated.
The Legislature, of course, may very well have been concerned with the possible constitutional ramifications of imposing a corroboration requirement against a defendant in a criminal trial (Sandstrom v Montana, 442 US 510; Alford v United States, 282 US 687; US Const 5th, 14th Amends; People v Getch, 50 NY2d 456). The basis or predicate for the Legislature’s actions are of no moment, however, where the statute and its intendment are without equivocation (People v Floyd J., 61 NY2d 895; McKinney’s Cons Laws of NY, Book 1, Statutes § 76; Eaton v New York City Conciliation & Appeals Bd., 56 NY2d 340).
Accordingly, the prosecution’s application to strike the exculpatory testimony of the two unsworn infant witnesses due to lack of corroboration is denied.