## General Motors Acceptance Corporation, Appellant, *v.* Foley.

Argued April 20, 1933.  Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*Hugh D. Scott, Jr.,* for appellant.—The nature and
extent to which a guarantor is liable under a guaranty
by which he guarantees the payment for goods and mer-
chandise or other credit extended to the principal de-

pends upon the terms of the contract of guaranty as construed by the general rules of construction: MacEvoy v. Kerr, 261 Pa. 428; Robbins v. Robinson, 176 Pa. 341.

The terms of the contract, as well as its spirit, intent and purpose are that the plaintiff shall be held harmless by the defendant from any loss sustained in business dealings with the dealer or with any other person on behalf of or for the account of the dealer.

*J. Harry LaBrum*, of *Conlen, LaBrum & Beechwood*, with him *Mark E. Lefever*, for appellee.—Under ordinary rules of grammar and construction, defendant is not liable. A broad and all conclusive word or phrase at the end of an enumeration of words or phrases will be limited to the class of the words and phrases set out: Real Est. Land Title & Trust Co. v. Bankers Trust Co., 104 Pa. Superior Ct. 493.

OPINION BY MR. JUSTICE DREW, May 22, 1933:

Plaintiff, a finance company, began this action of assumpsit to recover the sum of $3,961.89 upon a contract whereby the defendant, F. H. Foley, became the guarantor of certain obligations of the Foley Chevrolet Company (a corporation in which the defendant was financially interested) to the plaintiff.*

---

* The pertinent provisions of the contract are as follows: "In consideration of GENERAL MOTORS ACCEPTANCE CORPORATION, hereinafter called the 'Corporation,' hereafter extending credit at any time and to any extent to Foley Chevrolet Co., Inc., hereinafter called the 'Dealer,' or to any one at the request or for the benefit of said Dealer, through issuing, drawing, accepting, endorsing, discounting, purchasing or acquiring any draft, note, acceptance, bill of exchange, letter of credit, or other instrument or obligation, for the account or in the behalf of said Dealer or hereafter refraining to any extent from enforcing any rights under any contract or arrangement entered into by said Dealer, and of other good and valuable consideration, the undersigned agrees to hold the Corporation harmless from, and does hereby unconditionally at all times guarantee the performance and payment at maturity of, each

It was averred in the statement of claim that the Foley Chevrolet Company had defaulted in the payments of rent for the premises which it occupied; that its landlord thereupon caused the personal property on the premises, including 25 automobiles belonging to the plaintiff, to be levied upon under a warrant of distress; that plaintiff, by a writ of replevin, obtained possession of the autombiles; that the action of replevin was settled by an agreement between the landlord and the plaintiff, whereby the latter paid the landlord $3,500 of the rent due by the Foley Chevrolet Company, in consideration of being released by the landlord from liability under its replevin bond; and that defendant was, under his guaranty contract, liable for this sum, together with the attorney's fees and costs of the replevin action (including the premium upon the replevin bond). Defendant filed an affidavit of defense in the nature of a demurrer, raising the legal question that the contract of guaranty does not cover the alleged liability of the Foley Chevrolet Company to the plaintiff under the facts set forth in the statement of claim. The court below sustained the affidavit of defense, and entered judgment for defendant. Plaintiff appealed.

Before we consider the principal question involved in

---

and all drafts, notes, acceptances, bills of exchange, letters of credit, negotiable instruments, and agreements and other obligations between the Dealer and the Corporation, heretofore or hereafter issued, drawn, accepted, executed, entered into, endorsed, discounted, purchased, or acquired, by the Corporation, for the account or in the behalf of said Dealer, including all costs, expenses, and attorney's fees, heretofore or hereafter incurred by said Corporation in connection with the default of said Dealer.

"This is a contract of continuing guaranty and, until cancelled as hereinafter provided, shall not be limited to any amount, and shall at all times include the full indebtedness of the said Dealer to the said Corporation.

"This guaranty and the performance thereunder shall be construed and determined according to the law of the State of New York."

this case, one preliminary matter requires discussion. It was provided by the contract that "This guaranty and the performance thereunder shall be construed and determined according to the law of the State of New York." However, no allegation is to be found in the pleadings stating the law of New York relating to the construction of such a contract. We shall, therefore, presume the law of our sister state on this subject to be the same as that of Pennsylvania. If the name of the state be changed, the words of Judge Porter in Cape May Real Estate Co. v. Henderson, 42 Pa. Superior Ct. 1, whose opinion was affirmed by us per curiam (231 Pa. 82), apply exactly to the instant case: "The case as presented, however, does not permit us to inquire what the law of that state may be. The case must stand upon the pleadings, the statement of the plaintiff and the demurrer of the defendant. The statement contains no allegation as to the law of New Jersey and the demurrer is, of course, barren of any suggestion upon that subject. The laws of a foreign country or another state of the union must be proved as facts, and, in the absence of allegation or evidence to the contrary, must be presumed to be the same as that of the forum: Musser v. Stauffer, 178 Pa. 99, and 192 Pa. 398." Further authority for this well settled principle of law is to be found in Baughman's Est., 281 Pa. 23, and Oberlin v. Parry, 287 Pa. 224. See also, Restatement, Conf. of Laws (Proposed Final Draft No. 2), sections 653, 654.

We are of opinion that the learned court below was clearly right in upholding defendant's contention that under the language of his contract with plaintiff, he is not liable for the expense incurred by the plaintiff in recovering the automobiles seized by the landlord. All the words and expressions in the agreement referring to liabilities expressly guaranteed by the defendant relate to some form of credit transaction, such as drafts, notes, acceptances, and negotiable instruments, or to some action connected therewith, such as issuing, accepting, en-

dorsing, discounting, and purchasing. When, therefore, to the specifically enumerated classes of instruments is added the general expression, "agreements and other obligations," these general words must be construed, under the familiar rule of ejusdem generis, as referring to some form of credit transaction similar to those specifically named: Cleveland & Western Coal Co. v. Cyclops Steel Co., 278 Pa. 346; Real Estate-Land Title & Trust Co. v. Bankers Trust Co., 104 Pa. Superior Ct. 493. What was obviously contemplated when this contract was made was that plaintiff should extend credit to the Chevrolet Company, or to individuals on behalf of the Chevrolet Company; the extension of credit was the stated consideration for the contract, and it was only from such losses as might arise therefrom that defendant undertook to hold plaintiff harmless. The "full indebtedness" of the Chevrolet Company to the plaintiff, which was guaranteed, was that which resulted from such transactions. Certainly, plaintiff's partial payment of the Chevrolet Company's rent did not create an obligation covered by the terms of the contract. But even if the words "agreements and other obligations" be considered sufficiently broad to include any liability of the Chevrolet Company to the plaintiff for the rent paid by the latter, the contract does not contain a guaranty of payment of such liability. The "agreements and other obligations" payment of which was insured were those entered into by plaintiff "for the account or in the behalf of" the Chevrolet Company. The settlement with the landlord upon which defendant's asserted liability is based can under no interpretation be called one for the account of or on behalf of the Chevrolet Company; plaintiff entered into it solely to protect its own interests—its property rights in its automobiles. The effect of plaintiff's contention, were it correct, would be to make this instrument a guaranty of all debts which the Chevrolet Company might owe, for, to bring them within the terms of the contract, plaintiff need only pay such debts, where-

upon defendant, under his contract, would be liable for the amount thus paid. Such an interpretation of the agreement is obviously impossible.

Plaintiff's counsel states in his brief that the automobiles were in the possession of the Chevrolet Company under a trust receipt with promissory notes attached, and that by the landlord's seizure there was a breach of the agreement whereby the Chevrolet Company had possession. From this he argues that defendant is liable for plaintiff's loss by reason of the breach of the Chevrolet Company's agreement. We find no basis for this contention in the record. Except in plaintiff's brief, there is no mention of any agreement relative to the automobiles seized. In the words of the learned court below, "There is nothing in the statement of claim showing how the automobiles came to be on the premises of the Chevrolet Company, or what the 'obligation' or 'agreement' was in regard to them. All we know is that automobiles belonging to the plaintiff were on the premises of the Chevrolet Company, that this company did not pay the rent to its landlord, that the latter levied a distress for the rent in arrear and seized the automobiles in question."

Judgment affirmed.