Craver's Estate.

Argued May 27, 1935. Before SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*W. C. Sheely,* with him *John D. Keith,* of *Keith & Sheely,* for appellant.

*Eugene V. Bulleit,* with him *Charles J. Margiotti,* Attorney General, and *E. Russell Shockley,* Deputy Attorney General, for appellee.

OPINION BY MR. JUSTICE DREW, June 29, 1935:

Anna B. Craver died on March 14, 1933, domiciled within this Commonwealth. By her last will and testament, she gave appellant, whom she also named as executor, three leaseholds of Maryland real estate. Her interest in the property in question was that of an assignee of leases for ninety-nine years, renewable forever, subject to the payment of semiannual rentals. Appellant accounted for these leaseholds in ancillary proceedings in the Orphans' Court of Baltimore City, at which time an inheritance tax was paid by him thereon. The present appeal is from the appraisement of these leases for the purposes of the Pennsylvania transfer inheritance tax.

The question thus presented is whether such a leasehold interest in Maryland realty is subject to the payment of our tax, when owned by a Pennsylvania resident at the time of her death. It is urged by the Commonwealth that such a leasehold interest is intangible personal property and therefore subject to the taxing power of the domiciliary state, in accordance with the familiar maxim, mobilia sequuntur personam. In resisting imposition of the tax, appellant contends that the situs of the property is in Maryland, and that any such tax would be in contravention of the due process clause of the Fourteenth Amendment to the Federal Constitution.

It appears to be assumed by counsel that the nature of this property is to be determined by the law of Maryland. The matter comes before us, however, upon an agreed statement of facts, and there is no stipulation with respect to the nature of decedent's leasehold interest under the law of Maryland. Foreign law must be proved as a

fact, and in the absence of evidence to the contrary the law of a common-law sister state is presumed to be the same as that of this Commonwealth: General Motors Acceptance Corp. v. Foley, 311 Pa. 477, and cases there cited; see Restatement, Conflict of Laws, sections 621 and 622. The approach is immaterial, however, in view of the fact that our search has revealed no decision controlling the precise question here presented either in Maryland or in Pennsylvania. After a careful study of the problem, we are convinced that the situs of this property for all practical purposes—and taxation is a practical matter (see Paul's Est., 303 Pa. 330, 334)—was in Maryland and not in Pennsylvania, and that this Commonwealth is without jurisdiction to tax the transfer.

At common law a leasehold was a "chattel real," and as such was regarded as personal property. On the other hand, a lease is a conveyance of an interest in land. The interest of the lessee is an interest in the land itself, and is therefore peculiarly subject to the law of the state in which the land is located. The maxim mobilia sequuntur personam can have no application in this case. The plain truth is that leaseholds are not mobilia at all, but immobilia: Freke v. Lord Carbery, L. R. 16 Eq. 461; Duncan v. Lawson, 41 Ch. D. 394; Pepin v. Bruyere, [1902] 1 Ch. 24; In re Moses, [1908] 2 Ch. 235; Goods of Gentili, I. R. 9 Eq. 541; De Fogassieras v. Duport, 11 L. R. Ir. 123; see In re Berchtold, [1923] 1 Ch. 192, 200; Sneed v. Ewing, 5 J. J. Marsh. (Ky.) 460, 480. As is pointed out by Professor Beale, in his Conflict of Laws (1935), section 208.1, "Immovable property includes land and all interests in land including all things so far affixed to land that they cannot be removed without changing their nature. The difference between movable and immovable is therefore not the same as the difference between real and personal property as the common law knows it. Several kinds of personal property are really immovable, principally leasehold interests. These are treated at common law as so many chattels under the

name of 'chattel real.' Nevertheless, they are immovable since they are interests in land and cannot be removed from the power of the law prevailing at the situs of the land."

Moreover, this is not the usual case of a lease for a definite term in which the rights of the parties are fixed for a time certain and no longer. Under a lease such as that with which we are now confronted, the lessee has it within his power to make his interest endure forever. He has the absolute control and management of the land; his power over it is almost plenary. It is manifest, therefore, that such an interest must, for the purposes of taxation, be considered as having its situs where the land is located. Decedent's interest was protected solely by the law of Maryland, to whose control it was fully amenable. The relation between the owner of the reversion and the lessee, and their respective relations to and interests in the land, were all created and controlled by the law of its situs. The requirements necessary for the execution of a valid transfer of the lessee's interest were established by the law of Maryland. In the instant case, it was the Maryland law, and only that law, which transferred these leaseholds to appellant.

The property which decedent owned at the time of her death was immovable property, having a permanent, fixed and actual situs in Maryland. Since the taxation by the state of domicile of tangible personal property permanently located in another state is in conflict with the due process clause of the Fourteenth Amendment (Union Refrigerator Transit Co. v. Kentucky, 199 U. S. 194; Frick v. Pa., 268 U. S. 473; see Blodgett v. Silberman, 277 U. S. 1, 18), it would seem to be clear that the taxation of an *immovable* of the sort here involved, located in another state, is similarly a violation of that clause.

The decree of the court below is reversed, and it is ordered that the valuation of the leaseholds of Maryland realty be stricken from the appraisement.