NEW YORK LIFE INS. CO. v. YERYS et al.

No. 3925.

Circuit Court of Appeals, Fourth Circuit.

Nov. 12, 1935.

Thomas L. Johnson, of Asheville, N. C. (T. A. Uzzell, Jr., and Johnson, Rollins & Uzzell, all of Asheville, N. C., and Louis H. Cooke, of New York City, on the brief), for appellant.

J. M. Horner, Jr., of Asheville, N. C. (J. A. Patla and Johnston & Horner, all of Asheville, N. C., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is a suit to cancel the disability feature of a life and disability insurance policy on account of false and fraudulent representations contained in the application. The judge below held that, as the policy had been in force for more than two years, it had become incontestable on this ground, under the terms of the incontestability clause which it contained. We think that this was correct. The incon-

---

testability clause is not materially different from that contained in the policy under consideration by this court in Ness v. Mutual Life Insurance Company, 70 F.(2d) 59; and we need add nothing to what was said in the opinion in that case, except to point out that in two recent cases we have applied its principles to the identical incontestability clause here before us. New York Life Ins. Co. v. Seaborn Leroy Truesdale et al. (C.C.A.4th) 79 F.(2d) 481, decided October 8, 1935; Seaborn Leroy Truesdale et al. v. New York Life Ins. Co. (C.C.A.4th) 79 F.(2d) 486, decided Oct. 21, 1935. The Circuit Court of Appeals of the Ninth Circuit in New York Life Ins. Co. v. Kaufman (C.C.A.9th) 78 F.(2d) 398, certiorari denied 56 S.Ct. 149, 80 L.Ed. —, in an able opinion by Judge Denman has reached the same conclusion. See, also Mutual Life Ins. Co. v. Markowitz (C.C.A.9th) 78 F.(2d) 396; Thompson v. New York Life Ins. Co. (D.C.) 9 F.Supp. 248; Kiriakides v. Equitable Life Assurance Society, 174 S.C. 140, 177 S.E. 40.

It is argued that the clause is differently interpreted by the courts of New York and that, as the contract is a New York contract, we are bound by the decisions of that state in interpreting it; but, without going into any analysis of the New York decisions, it is clear that the question involved is one of general law as to which the federal courts are not bound by state decisions. Swift v. Tyson, 16 Pet. 1, 18, 10 L.Ed. 865; Washburn & Moen Mfg. Co. v. Reliance Marine Ins. Co., 179 U.S. 1, 21 S.Ct. 1, 45 L.Ed. 49; Fountain & Herrington v. Mutual Life Ins. Co. (C.C.A.4th) 55 F.(2d) 120, 124. See, also, 27 R.C.L. 52; Hawkeye Commercial Men's Ass'n v. Christy (C.C.A.8th) 294 F. 208, 211, 40 A.L.R. 46; Baltimore & O. R. Co. v. Baugh, 149 U.S. 368, 13 S.Ct. 914, 37 L.Ed. 772; Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, 191, 44 S.Ct. 266, 68 L.Ed. 628, 31 A.L.R. 867; Colorado Yule Marble Co. v. Collins (C.C.A.8th) 230 F. 78, 80; Hewlett v. Schadel (C.C.A.4th) 68 F.(2d) 502, 91 A.L.R. 743; Citizens National Bank of Orange v. Waugh (C.C.A.4th) 78 F.(2d) 325. Cf. Mutual Life Ins. Co. v. Johnson, 293 U.S. 335, 55 S.Ct. 154, 79 L.Ed. 398.

The order dismissing the bill of complaint will be affirmed.

Affirmed.