**CONNECTICUT GENERAL LIFE INS. CO. OF HARTFORD, CONN., v. Mc-CLELLAN.[1]**

**No. 7368.**

Circuit Court of Appeals, Sixth Circuit.

Feb. 8, 1938.

Robert Guinther, of Akron, Ohio (Slabaugh, Seiberling, Huber & Guinther, of Akron, Ohio, on the brief), for appellant.

E. W. Brouse, of Akron, Ohio (Brouse, Englebeck, McDowell, May & Bierce, of Akron, Ohio, on the brief), for appellee.

Before MOORMAN and SIMONS, Circuit Judges, and RAYMOND, District Judge.

MOORMAN, Circuit Judge.

Suit was brought by the appellant to cancel the total and permanent disability provisions in an insurance policy issued to the appellee. The ground of the action was that the appellee in his application for the insurance had made materially false and fraudulent answers to questions asked him by appellant's medical examiner upon which the appellant relied in issuing the policy.

[1] This opinion was agreed upon and proof thereof corrected by the late Judge Moorman prior to his death.

■ The policy was a combination policy of life and endowment insurance, with disability benefits. We regard it as a single contract with separable obligations in respect to the different kinds of insurance, one of which might be held invalid or canceled for fraud without affecting the rights of the parties in the other.

■ The policy provided, among other things, that it should be incontestable after it should have been in force during the lifetime of the insured for two years from the date of its issue, except for nonpayment of premiums, and "except as to provisions and conditions relating to benefits in the event of total and permanent disability." The bill alleged that the policy had been in effect for two years during the lifetime of the insured from the date of its issuance. The appellee moved to dismiss the bill on the ground that the incontestable clause was a bar to an action to cancel the provisions relating to total and permanent disability. The trial court sustained the motion and dismissed the bill.

The appellee defends the order of dismissal on the authority of Ness v. Mutual Life Insurance Co. of New York, 4 Cir., 70 F.2d 59, and Stroehmann v. Mutual Life Insurance Company of New York, 300 U.S. 435, 57 S.Ct. 607, 609, 81 L.Ed. 732. The exception to incontestability in the policies in those cases used the same language: "Except for the restrictions and provisions applying to the Double Indemnity and Disability Benefits as provided in Sections 1 and 3 respectively." In each of them, the Ness Case first, followed by Stroehmann, the court found that the exception was ambiguous and, construing it most strongly against the insurer, held under such construction that the policy was not contestable as to disability benefits. The language in the policy here in controversy is entirely different. It is unambiguous, clear, so clear that, in our opinion, to argue the point would be an attempt to overclarify it.

Other cases cited by the appellee—Mutual Life Ins. Co. of New York v. Markowitz, 9 Cir., 78 F.2d 396; New York Life Ins. Co. v. Yerys, 4 Cir., 80 F.2d 264; Horwitz v. New York Life Ins. Co., 9 Cir., 80 F.2d 295; New York Life Ins. Co. v. Kaufman, 9 Cir., 78 F.2d 398, and New York Life Ins. Co. v. Truesdale, 4 Cir., 79 F.2d 481—contain clauses or provisions substantially identical with that written into the Ness policy. The decisions in those cases followed the Ness Case, finding ambiguities and construing the policies most strongly against the insurer. We do not presume, of course, to decide whether any policy in the cases referred to was or was not ambiguous. All that we do is to say that there is no ambiguity in the exception to the provision in the policy here in question.

It is argued for the appellee, though, that the phrase "in event" in the clause means that the exception does not apply unless the insured becomes totally and permanently disabled. To say that would be to say that the clause is not ambiguous at all and that there is no construction to resolve against the appellant. We think the provision is clear and plainly permits the bringing and maintaining of an action such as this at any time during the existence of the insurance. If it be true, however, that the right of contest depends, as appellee contends, on the maturity of the insurance, the action here brought may nevertheless be maintained, for the bill shows that appellee claimed the benefits of the policy long before this suit was filed, and for many months before that date had received them.

■ The order of dismissal is set aside, but since the allegations of the bill have not been controverted, a new decree will not be entered or directed but instead the cause is remanded with direction to the court to permit the parties an opportunity to complete the pleadings and, if they do so, to proceed to a hearing thereon. See Standard Computing Scale Co. v. Computing Scale Co., 6 Cir., 145 F. 627; Lane v. Pueblo of Santa Rosa, 249 U.S. 110, 39 S.Ct. 185, 63 L.Ed. 504, and United States v. Northern Pacific Ry. Co., 256 U.S. 51, 41 S.Ct. 439, 65 L.Ed. 825.