**NEW YORK LIFE INS. CO. v. RUHLIN et al.**

No. 3039.

District Court, W. D. Pennsylvania.

Oct. 18, 1938.

William H. Eckert and Smith, Buchanan & Ingersoll, all of Pittsburgh, Pa., for plaintiff.

Charles H. Sachs, Sachs & Caplan, and Margiotti, Pugliese, Evans & Buckley, all of Pittsburgh, Pa., for defendants.

SCHOONMAKER, District Judge.

In an opinion[1] filed April 13, 1935, this court denied similar motions as to the original bill of complaint. This action was reviewed by the Circuit Court of Appeals and affirmed. 3 Cir., 93 F.2d 416. The case then went to the Supreme Court, which held, in an opinion filed May 2, 1938, 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 1290, that the case presented was one for the application of the appropriate state law rather than that of "General" or "Federal", as it was regarded by the District Court and the Circuit Court of Appeals. Whereupon, the judgment was vacated and the case remanded to the District Court for the enforcement of the applicable principles of state law, with directions to permit such amendments of the pleadings as may be necessary for that purpose.

Then the plaintiff presented, with leave of court, an amendment to the bill of complaint; and the defendants renewed their motions to dismiss the amended bill of complaint and dissolve the temporary injunction.

On July 5, 1938, the date of argument on the motions to dismiss and dissolve the temporary injunction, the defendants filed a petition for a hearing on the motion to dissolve, and offered in evidence at that hearing the original policies of insurance represented by Exhibits "A" and "B" attached to the bill of complaint for the purpose of showing that true copies of the original application for insurance were not attached to those two policies, because of the omission therefrom of the following:

"Declaration to be signed by Applicant upon making any payment with this application

"Dated at Johnstown November 28, 1928

"I hereby declare that I have paid to ———— Two Hundred Eight and 50/100 Dollars ($208.50) in cash, and that I hold his receipt for the same, made up, without alteration, on the receipt form detached from and corresponding in date and number with this application. I assent to the terms of said receipt.

"(Signature of Applicant) John G. Ruhlin"

The plaintiff is seeking in this action to cancel and eliminate from five policies of insurance issued by it to defendant John G. Ruhlin, the provisions for the payment of double indemnity in case the death of the insured should result from accident, and the provisions for the payment to insured of disability benefits in case he should become totally and presumably permanently disabled before he arrived at the age of sixty years. In each policy the amount of premium charged for double indemnity benefits and for disability benefits is fixed by the terms of the policy.

Each policy contains what is known as an incontestable clause in the following language: "Incontestability.—This policy shall be incontestable after two years from its date of issue except for non-payment of premium and except as to provisions and conditions relating to disability and double indemnity benefits."

Each policy involved in this suit was issued more than two years before suit was brought.

Each policy also contains the following clause: "The Contract.—The Policy and the application therefor, copy of which is attached hereto, constitute the entire contract. All statements made by the Insured shall, in absence of fraud, be deemed representations and not warranties, and no statement shall avoid the Policy or be used in defense to a claim under it, unless it is contained in the written application and a copy of the application is indorsed upon or attached to this Policy when issued. No agent is authorized to make or modify this

[1] Not for publication.

contract, or to extend the time for the payment of premium, or to waive any lapse or forfeiture or any of the Company's rights or requirements. All benefits under this Policy are payable at the Home Office of the Company in the City and State of New York."

The defendants' motion to dismiss is based on the following grounds: (1) The incontestable clauses of the policies do not permit the plaintiff to maintain the bill, because of the lapse of two years from the dates of issue of said policies; (2) as to the two policies delivered in Pennsylvania, they are governed by the Pennsylvania law of May 17, 1921, P.L. 682, Section 410, 40 P.S. § 510, which provides for an incontestable clause in all life and endowment insurance policies, or, if the policies as to double indemnity and casualty insurance be construed as casualty insurance, then they are governed by the Pennsylvania Act of May 17, 1921, P.L. 682, 40 P.S. § 752, and do not comply with the requirement of that statute for the use of type not smaller than ten point on the papers attached to the policy; and are therefore not available for the use of plaintiff in this suit; (3) the photostats of the applications attached to the five policies do not comply with the laws of the respective states where they were delivered, and therefore are not available for the use of plaintiff in this suit; and (4) there is an action at law for the recovery of disability benefits under said policies pending in the Court of Common Pleas of Jefferson County, where the plaintiff would have a plain and complete remedy at law.

The facts alleged in the bill of complaint may be briefly summarized as follows:

The plaintiff is a mutual life insurance company, incorporated under the laws of the State of New York, and is lawfully engaged in business at Pittsburgh in this District. The defendants are temporarily living in McCoysville, Pennsylvania, and their legal residence is unknown to plaintiff. The defendant John G. Ruhlin is the insured in each of the policies in suit; and other defendants are beneficiaries thereunder. On December 1, 1928, the plaintiff wrote two life insurance policies on the life of John G. Ruhlin, i. e., policy No. 10,452,365, for $10,000 (Exhibit A attached to bill of complaint), and Policy No. 10,452,366, for $5000 (Exhibit B). The application for Policy No. 10,452,365, was signed by John G. Ruhlin in Pennsylvania, and at that time he paid plaintiff's agent in Pennsylvania the first premium of $208.-50. Whereupon, the application was mailed to plaintiff in New York, where it was accepted and the policy mailed to plaintiff's branch office at Johnstown, Pennsylvania, and then delivered by plaintiff's agent to John G. Ruhlin in Pennsylvania. Policy No. 10,452,366 (Exhibit B) was written at plaintiff's home office in New York pursuant to an addition to the application for the $10,000 policy and mailed to plaintiff's branch office at Johnstown, Pennsylvania, where it was obtained by plaintiff's agent and delivered to John G. Ruhlin in Pennsylvania, where it was accepted by him and where he paid the first premium thereon to plaintiff's agent. On July 7, 1930, plaintiff wrote three other policies of life insurance on the life of John G. Ruhlin, i. e., No. 11,165,728 for $4000 (Exhibit C); Policy No. 11,165,729 for $4000 (Exhibit D); and Policy No. 11,165,730, for $4000 (Exhibit E). The applications for these three policies were signed by John G. Ruhlin in Ohio, where simultaneously with the signing there, Ruhlin paid plaintiff's agent in Ohio $651.72 in cash, being the first premium called for by said policies. This application was mailed to plaintiff's home office in New York, where it was accepted and the policies were issued in accordance therewith and mailed to plaintiff's agent at Akron, Ohio, where they were delivered by plaintiff's agent to John G. Ruhlin in Ohio. In the written applications for such insurance, the defendant, John G. Ruhlin, made false and fraudulent representations as to not having consulted a physician or suffered from an ailment or disease of the heart, and as to not having consulted a physician for a physical ailment within five years prior to making the application, when, as a matter of fact, from November 3, 1919, until about 1927, he consulted Dr. Frank A. Lorenzo, and was treated by him for heart trouble, aortic insufficiency, myocarditis, and a decompensating heart. The true facts were unknown to the plaintiff at the time the policies were written, and had the true facts been revealed, it would not have issued the policies involved in this suit. On November 1, 1934, John G. Ruhlin presented to plaintiff a claim for total and permanent disability benefits under each of the five policies in suit, alleging that the cause of such disability was heart trouble. Whereupon, on December 28, 1934, plaintiff notified said John G. Ruhlin and the other defendant-beneficiaries under said

policies, that it elected to rescind the disability and double indemnity provisions of each of said policies, and tendered to John G. Ruhlin the aggregate amount of premiums paid for such disability and double indemnity benefits. When this suit was brought, plaintiff paid said amount into the registry of this court. Defendant John G. Ruhlin has filed a suit against plaintiff in the Court of Common Pleas of Jefferson County, Pennsylvania, but no statement of claim has been served on plaintiff. The defendants, Jennie B. Ruhlin, John B. Ruhlin, William R. Ruhlin, and Jean L. Ruhlin are not parties to said Jefferson County suit, and no opportunity has been afforded plaintiff to contest its liability under the disability and double-indemnity provisions of said policies.

The first matter for consideration under the motion to dismiss, is to determine the states or state whose law must be applied to the questions raised by the motion to dismiss. The plaintiff contends that the laws of the State of New York govern as to all of the policies except Exhibit B which was delivered at Johnstown, Pennsylvania, and the premium paid there at the time of delivery, and that therefore the laws of Pennsylvania govern that policy. The defendants contend that the first two policies, Exhibits A and B, being delivered in Pennsylvania, are governed by the law of Pennsylvania, and that the last three policies, Exhibits C, D, and E, being delivered in Ohio, are governed by the law of Ohio.

■ We cannot hold with the plaintiff that these policies, except Policy No. 10,-452,366, are governed by the laws of the State of New York, because they were made in New York. On the contrary, we are of the opinion that the law of the state where the policies were delivered, is the applicable law as to all the policies in suit. We have before us the recent decision (June 17, 1938) of District Judge Yankwich in Ostroff v. New York Life Insurance Company, D.C., 23 F.Supp. 724, holding that the law of the state of performance is the law which should be applied, but we cannot follow that holding. To do so would prevent the application of state statutory provisions regulating the writing and the delivery of insurance policies in such a state, and in addition, to do so would be contrary to the general doctrine as to interpretation of insurance contracts.

However, it so happens that it makes no difference with the result at which we arrive in the instant case. For, whether you construe the contract as a New York, Pennsylvania, or Ohio contract, the rule of law is the same.

■ In New York, it has been repeatedly held that an incontestable clause such as the one now before this court, does not apply to the disability and double indemnity provisions of the policy. Steinberg v. New York Life Insurance Company, 263 N.Y. 45, 188 N.E. 152, 90 A.L.R. 642; Chambers v. New York Life Insurance Company, 148 Misc. 561, 265 N.Y.S. 217, affirmed in 240 App.Div. 1027, 268 N.Y.S. 994; Manhattan Life Insurance Co. v. Schwartz, 274 N.Y. 374, 9 N.E.2d 16; Equitable Life Assurance Society v. Kushman, 276 N.Y. 178, 11 N.E.2d 719; Mutual Life Insurance Co. v. Union Trust Co., 244 App.Div. 764, 280 N.Y.S. 217.

In Pennsylvania, the same rule has been applied. See Guise v. New York Life Insurance Co., 127 Pa.Super. 127, 191 A. 626; Kramer v. Mutual Life Insur. Co., 130 Pa. Super. 85; Mutual Life Insurance Co. v. McConnell, 20 Pa.Dist. & Co.R. 250. The only Pennsylvania decision to the contrary that we know of is New York Life Insurance Company v. Thomas, 27 Pa.Dist. & Co.R. 215. But that case was decided in 1936, and we would consider it overruled by Kramer v. Mutual Life Insurance Company, supra, decided in 1938. The Kramer Case, as a decision of Pennsylvania, is binding on this court, even though it may have been by an intermediate court of appeals. See Blair v. Commissioner of Internal Revenue, 300 U.S. 5, 10, 57 S.Ct. 330, 332, 81 L.Ed. 465.

■ As to the law of Ohio, we cannot find an authoritative decision on this question by a state court; but we do find that the United States Circuit Court of Appeals of the 6th Circuit, in considering a case arising in the United States District Court of the Northern District of Ohio, Eastern Division, held an insurance company might maintain a suit in equity to cancel the disability provisions of a policy containing an incontestable clause, substantially identical with that at bar, notwithstanding that the incontestable period had expired. See Connecticut General Life Insurance Co. v. McClellan, 6 Cir., 94 F.2d 445. We would consider this as an authoritative decision of the law of Ohio on the subject in the

absence of any authoritative ruling of an Ohio state court. If that be not so, then it becomes our duty to determine the law of Ohio on the subject ourselves. See Graham v. White-Phillips Co., 296 U.S. 27, 31, 56 S.Ct. 21, 22, 80 L.Ed. 20, 102 A.L.R. 24. In such a situation, our opinion is that the incontestable clause in the policies delivered in Ohio permits this suit to be maintained to cancel the double-indemnity and disability benefits for fraud. Our reasons for that opinion are stated in an opinion we filed in New York Life Insurance Co. v. Davis, 5 F.Supp. 316, 319, where we said:

"Our view is that this clause expressly reserves to the insurance company the right to contest its liability for disability and double indemnity benefits accruing under the policy. No other ruling would give effect to the agreement of the parties. After two years, the regular life insurance liability of the company may not be contested, but the disability and double indemnity provisions always remain open to contest. There is no difficulty in canceling the insurance contract as to the two items, and leaving it in force as to the regular life insurance factors.

"The amount of insurance premium attributable to the double indemnity and disability features of the contract is specifically shown in the contract itself, namely, each insurance contract states: 'The above premium includes $5 for the Double Indemnity Benefit and $——— for the Disability Benefits.' So, if the double indemnity and disability provisions are eliminated from the contract, the contract will remain in force as to the life features; and the insurance premiums will be reduced by the amount attributable to the double indemnity and disability benefits.

"The Supreme Court of Mississippi had this precise question in Rosso v. New York Life Insurance Co., 157 Miss. 469, 128 So. 343, 69 A.L.R. 883, and held that these different contracts of insurance in the same policy were divisible.

"To the same effect also is the case of Kaffanges v. New York Life Insurance Co., 59 F.2d 475, in which the Circuit Court of Appeals in the First Circuit rescinded the contract as to disability benefits, and left the policy in force as to the life insurance features. The Appellate Division of the Supreme Court of the state of New York also came to the same conclusion in the case of Connecticut General Life Insurance Co. v. Brandstein, 233 App.Div. 723, 249 N.Y.S. 1018.

"That the parties themselves considered that these provisions of the policy were severable, may be gathered from the following language contained in the policy:

"'Upon the written request of the Insured on any anniversary of this Policy and upon return of this Policy for proper indorsement, the Company will terminate this provision (double indemnity benefits) and thereafter the premium shall be reduced by the amount charged for the Double Indemnity Benefit.'

"We, therefore, conclude on the whole case that the plaintiff is entitled to the relief prayed for, and a decree may be submitted accordingly."

Again, if the case of Connecticut General Life Insurance Company v. McClellan, 6 Cir., 94 F.2d 445, is not an authoritative statement of the law of Ohio on this subject, then its law will be presumed to be the same as the law of the forum. See General Motors Acceptance Corporation v. Foley, 311 Pa. 477, 481, 166 A. 909; In re Craver's Estate, 319 Pa. 282, 283, 284, 179 A. 606. In such a situation, we are also led to the conclusion, after considering the Pennsylvania cases, that this suit may be maintained. See Guise v. New York Life Ins. Co., supra; Kramer v. Mutual Life Insurance Co., supra; Mutual Life Ins. Co. v. McConnell, supra.

As to the position taken by defendants, that under the provisions of the Pennsylvania Insurance Act of 1921, P.L. 682, 40 P.S. § 1 et seq., the plaintiff had no legal authority to except disability and double indemnity provisions from the incontestable clause of the policies in suit, we can find no provision in this act which would prevent the plaintiff from excepting double indemnity and disability benefits from the incontestable provisions of the act. True, Section 410(c) of the 1921 Act, 40 P.S. § 510(c), requires such a provision in life and endowment insurance policies; but we can find no provision which requires the incontestable clause as to disability and double indemnity benefits. Naturally, in the absence of such requirement, there appears no reason to doubt the power of an insurance company to except from the ordinary incontestable clause of all policies, provisions relating to disability

and double indemnity benefits. Because Section 410(c) of the Pennsylvania Act of 1921 was amended by the Act of 1935, P. L. 1020, 40 P.S. § 510(c), so as to expressly authorize insurance companies to except double indemnity and disability benefits from the incontestable clause, does not of itself justify the conclusion that they were within the incontestable provisions provided by the Act of 1921. That act must be construed and interpreted from the language which it contains; and we do not find any reference therein to double indemnity and disability benefits. The act refers only to life and endowment insurance.

 As to the contention by the defendants that the copies of applications attached to the policies are too small and not sufficiently legible to satisfy applicable statutory requirements, this court had before it the same question on similar policies issued by the plaintiff, in the case of Adamos v. New York Life Insurance Company, D.C., 22 F.Supp. 162, affirmed 3 Cir., 94 F.2d 943, and held that the photostat satisfied the statutory requirement. We adhere to that ruling in the instant case.

As to the contention that the copies should comply with Sec. 617 of the Pennsylvania Insurance Act of 1921, P.L. 682, 40 P.S. § 752, we cannot find that that law applies to the policies in suit. See Enelow v. New York Life Insurance Company, 3 Cir., 83 F.2d 550, 105 A.L.R. 493.

As to the Ohio policies, we find no provision in the Ohio Code which prescribes anything as to the size of the type to be used.

As to the contention that the plaintiff has an adequate remedy at law in the suit brought by John G. Ruhlin alone in the Court of Common Pleas of Jefferson County, we cannot so hold. The Circuit Court of Appeals decided this question adversely to the defendants in the instant case, Ruhlin v. N. Y. Life Ins. Co., 3 Cir., 93 F.2d 416, and we rest our opinion on the views expressed by Davis, C. J., on this branch of the case.

And finally, as to additional reasons filed on defendants' motion to dissolve the temporary injunction on the ground that Exhibits "A" and "B" are not correct copies of the policies issued, we regard that as an issue of fact which could be properly raised on final hearing, and not as a matter that could be disposed of on motion to dissolve the temporary injunction.

The motions to dismiss the bill of complaint and to dissolve the temporary injunction will be denied. An order may be submitted accordingly.