## NEW YORK LIFE INS. CO. v. MORRIS et al.

### No. 3260.

District Court, W. D. Pennsylvania.
Jan. 27, 1939.

Wm. H. Eckert and Smith, Buchanan & Ingersoll, all of Pittsburgh, Pa., for plaintiff.

Chas. H. Sachs and Sachs & Caplan, all of Pittsburgh, Pa., for defendants.

SCHOONMAKER, District Judge.

This is an action in equity filed January 14, 1937, in which plaintiff is seeking to reform an insurance policy issued on February 17, 1926, to Harold Morris, by deleting and eliminating therefrom the disability and double-indemnity provisions contained therein, on the ground that the insured made certain false and fraudulent representations as to his physical condition as to his hospital treatment and his consultation with a physician.

The defendants both answered the bill of complaint, and moved to dismiss the bill of complaint by reason of an incontestable clause contained in the policy.

The case was set down for hearing on the motion to dismiss. This was before the effective date of the Rules in Civil Procedure (rule 86, 28 U.S.C.A. following section 723c); and we are of the opinion that it is better to conclude this case in accordance with the equity procedure in effect at the time the bill of complaint was filed.

The incontestable clause contained in the policy involved in this suit is as fol-

lows: "Incontestability.—This policy shall be incontestable after two years from its date of issue except for non-payment of premium and except as to provisions and conditions relating to Disability and Double Indemnity Benefits."

We had the same situation before us on construing a New York Life Insurance Company policy in the case of New York Life Insurance Company v. John G. Ruhlin, D.C., 25 F.Supp. 65, where the insurance company was undertaking to cancel the double-indemnity provisions of the policy quite similar to the one in suit here, on the ground of false and fraudulent representations. The same defense was made. We ruled in that case that this incontestable clause did not apply to disability benefits. The provisions of the Pennsylvania law we held applicable to that policy.

In the instant suit, the law of Pennsylvania is likewise to be applied, for the policy in suit is to be construed according to the laws of the State of Pennsylvania.

Without further discussion, we shall deny the motion to dismiss, for the reasons given in our opinion filed in the case of New York Life Insurance Company against Ruhlin, supra.

The motion to dismiss will therefore be denied, and the case may proceed to trial on the bill, answer and proofs. The trial date is fixed for February 2, 1939, at ten o'clock A. M.