Patricia CLEMENTS, Plaintiff,

v.

Kenneth S. APFEL, Commissioner of Social Security, Defendant.

Civil Action No. 98–3820.

United States District Court,
E.D. Pennsylvania.

Dec. 2, 1999.

---

Shelly Farber, Media, PA, for plaintiff.

Patricia M. Smith, Assistant U.S. Attorney's Office of General Counsel, Philadelphia, PA, for defendant.

### Memorandum and Order

SHAPIRO, Senior District Judge.

Plaintiff, Patricia Clements ("Clements") commenced this action pursuant to 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for SSI under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381–1383(d). The parties filed cross motions for summary judgment. Upon review of

Plaintiff's objections to the Report and Recommendation of United States Magistrate Judge Peter B. Scuderi, Plaintiff's motion for summary judgment will be denied and Defendant's motion for summary judgment will be granted.

### Background

Plaintiff, filing a claim for supplemental social security ("SSI") on March 17, 1994, alleged a disability that began on February 26, 1994. (R. at 71–74). The Commissioner denied Plaintiff's claim at the initial and reconsideration levels of review. (R. at 74–77, 80–82). An administrative hearing was held on June 12, 1996 before Administrative Law Judge, Richard A. Kelly ("ALJ"). (R. at 41–70).[1] By decision dated September 27, 1996, the ALJ determined that Plaintiff was not disabled and denied her claim for SSI. (R. at 7–18). On May 29, 1998, the Appeals Council affirmed the ALJ's decision, (R. at 3–4), making it a final decision of the Commissioner. *See Jesurum v. Secretary of U.S. Dept. of Health & Human Services*, 48 F.3d 114, 116 (3d Cir.1995). Having exhausted her administrative remedies, Plaintiff, timely filing a complaint with this court on July 21, 1998, seeks judicial review of the final decision of the Commissioner denying her SSI claim. This court referred the parties' cross-motions for summary judgment to Peter B. Scuderi,

United States Magistrate Judge, for a Report and Recommendation ("R. & R.").

The Magistrate Judge found substantial evidence to support the ALJ's conclusion that Plaintiff did not have a severe impairment limiting her ability to perform basic work activities. *See* R. & R. at 5. He recommended that Plaintiff's motion for summary judgment be denied, Defendant's motion for summary judgment be granted, and the Commissioner's decision be affirmed. *See id.* Plaintiff filed objections claiming that the ALJ and the Magistrate Judge "overlooked the claimant's physical impairment and her depression as a result of her pain in determining that the claimant is not disabled." Pl.'s Object. at 2.

### Discussion

I.  *Standard of Review*

A.  *Disability Under the Social Security Act*

■ Under the Social Security Act, a claimant is disabled if unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected ... to last for a continuous period of not less then twelve months." 20 C.F.R. § 416.905(a). Under the medical-vocational regulations, as promulgated by the Commissioner, a five-step sequential evaluation shall be utilized in evaluating disability claims.[2] The burden is on the claimant

1. The issue for consideration at the hearing was whether the claimant had an impairment or combination of impairments which would preclude her from performing her past relevant work or any other work that exists in significant numbers in the national economy.

2. The steps are as follows:

   (1) If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience. 20 C.F.R. § 416.920(b).
   (2) If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that

you do not have a severe impairment and are, therefore, not disabled. 20 C.F.R. § 416.920(c).
(3) If you have an impairment(s) which meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience. 20 C.F.R. § 416.920(d).
(4) If we cannot make a decision based on your current work activity or on the medical facts alone, and you have a severe impairment(s), we then review your residual functional capacity and the physical and metal demands of the work you have done in the past. If you still can do this type of work, we will find that you are not disabled. 20 C.F.R. § 416.920(e)

to provide evidence of a disability. *See* 20 C.F.R. § 416.912. A claimant satisfies this burden by showing an inability to return to former work. The burden of proof then shifts to the Commissioner to show that the claimant, in light of her age, education, and experience, has the ability to perform specific jobs existing in the economy. *See Rossi v. Califano,* 602 F.2d 55, 57 (3d Cir.1979).

### B. *Judicial Review of Commissioner's Final Decision*

■ This court is bound by the factual findings of the Commissioner if supported by substantial evidence and decided according to correct legal standards. *See Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989); *Coria v. Heckler,* 750 F.2d 245, 247 (3d Cir.1984). Substantial evidence is deemed such relevant evidence as a reasonable mind might accept as adequate to support a decision. *See Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). It is more than a mere scintilla, but may be somewhat less than a preponderance of the evidence. *See generally Cotter v. Harris,* 642 F.2d 700 (3d Cir.1981). Despite the deference to administrative decisions implied by this standard, the court retains the responsibility to scrutinize the record and remand if the Commissioner's decision is not supported by substantial evidence. *See Smith v. Califano,* 637 F.2d 968, 970 (3d Cir. 1981). The court must consider the evidence supporting the decision in relation to all of the other evidence in the record. *See Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir.1983) (citing *Cotter,* 642 F.2d at 706) (a single piece of evidence will not satisfy the substantial evidence test if a conflict created by countervailing evidence is ignored or unresolved).

(5) If you cannot do any work you have done in the past because you have severe impairment(s), we will consider your residual functional capacity and your age, edu-

### II. *Evaluation of Evidence*

#### A. *Medical Evidence*

Plaintiff alleges that the ALJ and the Magistrate Judge overlooked her continuous physical impairment in determining that she did not have a disability. *See* Pl.'s Object. at 2. Plaintiff argues that the ALJ and the Magistrate Judge did not give proper weight to the opinion of her treating physician, Dr. Epstein; therefore, the conclusion that she does not have an impairment or a combination of impairments significantly limiting her physical or mental ability to do basic work activities is not reasonable. *See id.* at 2–4.

■ An ALJ is not bound to accept the conclusions of a treating physician; however an ALJ may not reject these conclusions without weighing them first against the other relevant evidence. In forming factual conclusions, an ALJ may reject a treating physician's opinion on the basis of contradictory medical evidence. *See Frankenfield v. Bowen,* 861 F.2d 405, 408 (3d Cir.1988); *Cotter v. Harris,* 642 F.2d 700, 705–06 (3d Cir.1981).

In evaluating whether Plaintiff had a continuous disability as defined under the Act, the ALJ considered all evidence of record, including the opinion of Dr. Epstein. In addressing Dr. Epstein's treatment notes, the ALJ stated:

> Office notes submitted by Dr. Paul Epstein, the claimant's primary physician, for the period of October 8, 1994 and January 18, 1996 document some complaints of back, neck, and shoulder pain, but do not contain any laboratory signs or clinical observation to support these complaints. I find it notable that, despite the claimant's complaints, her treating physician did not find it necessary to order any more objective stud-

cation, and past work experience to see if you can do other work. If you cannot, we will find you disabled. 20 C.F.R. § 416.920(f).

ies, such as x-ray, MRI, CT scan, or EMG and nerve conduction studies.

(R. at 11).

■ The ALJ considered Dr. Epstein's opinion and gave an explanation why this evidence was rejected: Dr. Epstein's opinion was almost entirely based on the claimant's subjective complaints of pain rather than on objective medical evidence.[3] It was reasonable for the ALJ to discount a medical opinion based solely on a patient's subjective complaints rather than objective medical evidence. "The ALJ need not accept an opinion of a physician—even a treating physician—if it is conclusory and brief and is unsupported by clinical findings." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.1992).

Plaintiff did not address the ALJ's alleged disregard of the opinion of her consulting physician, Dr. Pushpa Thakar, in her motion for summary judgment, but she did she raise the issue in her objections to the R. & R. *See* Pl.'s Object. at 4–5. Dr. Thakar reported that Plaintiff had a full range of motion in her cervical spine, decreased range of motion in her lumbar spine, full muscle strength, and normal deep tendon reflexes. (R. at 143–44). Although Dr. Thakar reported that Plaintiff could not walk on her toes or heels, a neurosurgeon, Dr. Hirsh, reported three months later that Plaintiff's functions in these areas were normal. (R. at 151). The ALJ accorded Dr. Thakar's medical assessments of Plaintiff little weight because, as his medical notes indicate, they "appear to be based solely on Plaintiff's subjective complaints." (R. at 12). In light of the subjective basis in which his medical opinion is based, it was reasonable

for the ALJ to reject it in formulating his factual conclusions.[4]

### B. *Subjective Complaints of Pain*

■■ Plaintiff also claims that the ALJ and the Magistrate Judge improperly evaluated her subjective complaints of pain in determining that she was not disabled. Pl.'s Object. at 2, 5. The ALJ evaluated symptoms, such as neck and shoulder pain, under the regulations on the basis of medical signs and findings that could reasonably be expected to produce the symptoms alleged. *See Ouimet v. Apfel*, 1998 WL 651147, at *10 (E.D.Pa. Sept.21, 1998) (citing 20 C.F.R § 416.929). A plaintiff's complaints of pain alone will not establish a disability unless there are medical signs and laboratory findings to support the complaints. *See id.* The credibility of a claimant's subjective symptoms must be assessed by the ALJ in light of the objective medical evidence available, the claimant's own statements, information provided by treating and examining physicians, information provided by other persons about the symptoms, and other relevant evidence of record. *See* 20 C.F.R. § 416.929(c)(2) & (3); *Ouimet*, 1998 WL 651147, at *10. Even if an impairment exists, the fact that it produces pain does not always mean it is disabling. *See Welsh v. Heckler*, 080 F.2d 264, 270 (3d Cir.1986).

Plaintiff argues that the decision of the ALJ in this matter was not reasonable because the ALJ did not adequately consider the testimony of Dr. William Fowler in determining whether her pain was disabling. *See* Pl.'s Object. at 5. After interviewing Plaintiff, Dr. Fowler diagnosed her as having an "adjustment disorder with depressed mood. The prognosis is

---

**3.** In supporting the conclusion that the ALJ gave appropriate weight to Dr. Epstein's opinion, the Magistrate Judge also noted the treatment notes are almost entirely based on Plaintiff's subjective conclusions. Also, Dr. Epstein only prescribed pills and recorded her weight during her office visits—never once had he given her a physical examination. *See* R. & R. at 10.

**4.** The Magistrate Judge analyzed the ALJ's assessment of Dr. Thakar's opinion although Plaintiff did not raise the issue in her motion for summary judgment; he found that the ALJ's assessment of Dr. Thakar's opinion reasonable under the substantial evidence standard. *See* R. & R. at 11 n. 5.

difficult to determine, but does seem to be associated with her response to treatment for the complaint of chronic joint pain." (R. at 258). The Magistrate Judge did not address the medical opinion of Dr. Fowler, but the ALJ did consider this evidence and explained his evaluation. (R. at 14). The ALJ stated, "I noted that Dr. Fowler did not administer any objective tests, and his diagnosis was based solely on his conversation with the claimant." *Id.* The ALJ had the obligation to evaluate the evidence presented by Dr. Fowler; however, as there were no objective medical findings to support Plaintiff's subjective claims of pain, the ALJ's decision to discount Dr. Fowler's report was reasonable. *See Ouimet,* 1998 WL 651147, at *10.

### *Conclusion*

■ There was substantial evidence to support the ALJ decision determining Plaintiff was not disabled. Therefore, after consideration of Plaintiff's objections, the Report and Recommendation will be approved, Plaintiff's motion for summary judgment will be denied, and Defendant's motion for summary judgment will be granted.

### *ORDER*

AND NOW, this 2nd day of December, 1999, upon consideration of the pleadings and the record herein, and after review of the Report and Recommendation of United States Magistrate Judge Peter B. Scuderi, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**.

2. Plaintiff's Motion for Summary Judgment is **DENIED**.

3. Defendant's Motion for Summary Judgment is **GRANTED**.